SIMS (GRAY v.). See Case No. 5,729.

## Case No. 12,890.

### SIMS v. JACKSON.

[1 Wash. C. C. 414;[1] 1 Pet. Adm. 157.]

Circuit Court, D. Pennsylvania. April Term, 1806.

SEAMEN—WAGES—DEATH DURING VOYAGE—FULL WAGES.

1. A mariner, who shipped to perform a voyage from Philadelphia to Batavia, and back to Philadelphia, at a certain rate of wages per month, having performed the voyage to Batavia, died there, and the vessel returned to the port from which she sailed. It was *held*, that the voyage was entire from Philadelphia to Batavia, and back; and that the monthly rate was no more than a rule to adjust the quantum for the voyage.

2. The expression, "full wages," in the seventh article of the laws of Oleron, means the same wages which the mariner would have been entitled to, had he lived, and served out the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

whole voyage of the vessel to Batavia, and back to Philadelphia. It is the aggregate amount of the wages for the voyage; and, in this case, the administratrix of the deceased mariner, is entitled to the same wages the intestate would have received, had he lived and returned in the vessel, to the port from which he sailed.

[Cited in Natterstrom v. The Hazard, Case No. 10,055; Longstreet v. The R. R. Springer, 4 Fed. 672.]

[Appeal from the district court of the United States for the district of Pennsylvania.]

This was an appeal from the district court; where, upon a libel by the appellee, the executrix of her husband, for the wages, as mate on board a vessel, belonging to the appellant, for his full wages from Philadelphia to Batavia, and back, although he died at Batavia; the court decree accordingly. [He was hired for the whole voyage, at the rate of $30 per month. He was paid up to the time of his death.][2]

Mr. Moylan, for appellant, contended that, on common law principles, wages are the reward of services rendered; and, if not performed, they are not due. If a man is hired for a year, and die in the middle of it, only wages are due to the time of his death. 3 Vin. Abr. 5, 6, 13. If a mariner be impressed, wages are only payable, pro tanto. 2 Ld. Raym. 1211. That this is not a hiring for the voyage, but by the month; in the former case a gross sum is always stipulated. Abb. Shipp. 265, 273, 274. If this was a contract for the voyage, and not apportionate, nothing was due. Salk. 65. The true translation of the seventh article of the laws of Oleron, of what has been translated, "full wages," should be, "ready down." In 3 Bos. & P. 427, one judge was of opinion, that, if a sailor die on the voyage, his executors can only recover wages to the time of his death.

Mr. Milnor, for appellee.

WASHINGTON, Circuit Justice. As I entirely concur in the opinion given by the judge of the district court, upon this question, and for the reasons assigned by him, I deem it unnecessary to discuss the subject much at large. It is admitted, that no decision is to be met with in the English courts, precisely like the present; nor have we any municipal regulations, which govern the case. We must, therefore, resort to those marine laws, which have always been acknowledged as authority in England, as well as in most of the European commercial nations; unless, where they have been altered, or modified, by the laws of particular states; but which alterations are binding only on such states. The seventh article of the laws of Oleron declares; that, if a mariner be taken sick on the voyage, he ought to be put on shore, and care should be taken of him at the expense of the ship. When the vessel is ready to sail, she is not to wait for him; but, still, he is to be entitled to his full

[2] [From 1 Pet. Adm. 157.]

wages, if he recover; and if he does not, his wife, or next of kin, is to have them; deducting only such charges as the master has been at for him. Now, the only questions in this case are, first; did the mariner die on the voyage? and, second; does the expression, "full wages," in the above article, mean such as he had earned by his services, to the time of his death, or such as he would have earned, had he lived and served out the whole voyage to Philadelphia? Most unquestionably, the deceased was bound by his contract to perform the whole voyage, which is described in the articles to be, from Philadelphia to Batavia, and back again; and he would have forfeited the whole, had he deserted the ship, at any time previous to the vessel's return to Philadelphia. I agree with the judge of the district court, that the stipulation to pay wages by the month, does not break the entirety of the contract for the voyage, but only furnishes a rule to adjust the quantum for the voyage. It protects the owners against an overpayment in consequence of a short voyage; and the mariner against the risk of receiving too little, in case of a long one. It prevents either from speculating upon the other, by accommodating the reward to the length of service.

2d. Does the expression, "full wages," apply to what would have been due, if the mariner had served out the entire voyage; or, are we to limit it to such as have been earned by services performed? If a certain sum for the voyage be agreed upon, that sum would constitute the full wages, and is distinguishable from no wages at all [as in case of 6 Term R. 320, Cutter v. Powell],[2] as where they have been forfeited, by the misconduct of the mariner; or wages pro rata, where they have been partly earned, and are not forfeited. But, every doubt with respect to the meaning of these expressions, is cleared away by the decision in the case of Chandler v. Grieves, 2 H. Black. 606. note. A mariner was engaged on a voyage from London to Honduras, from thence to Philadelphia, and back to London. The articles were drawn in the usual form, and such I take to be the articles in the case now before us. The mariner being disabled, and totally disqualified from rendering any future service on the voyage, was left at Philadelphia, and the vessel returned to London. The court determined that he was entitled to his full wages, and he accordingly recovered the same wages to which he would have been entitled, had he proceeded with the vessel to London. This case not only determines a principle, which is, in all its parts, applicable to the present; but it decides, that full wages, mean the aggregate amounts of all the monthly sums, which would have accrued, upon the completion of the voyage. This decision is expressly founded upon the seventh article of the laws of Oleron, which entitles a sick sailor, who is left behind, to full wages; and the same article declares, that what such

sick sailor would be entitled to, passes to his widow, or next of kin, in case of his death.

I am, therefore, of opinion, that the decree of the district court ought to be affirmed.