## THE GOVERNOR AMES

### PAULSON v. THE GOVERNOR AMES.

(District Court, D. Washington, N. D. March 31, 1891.)

1. SEAMEN—NEGLIGENCE—PERSONAL INJURIES.
   The maritime law gives a seaman no right to recover damages for permanent disabilities caused by the negligence of the ship's officers, but he is entitled, on the other hand, irrespective of any negligence on his own part or on the part of fellow seamen, to recover wages to the end of the voyage, and to be cured at the ship's expense, so far as cure is possible. The City of Alexandria, 17 Fed. Rep. 396, followed.

2. SAME—DEFECTIVE SHIPPING ARTICLES.
   Nor is his right of recovery affected by the fact that the shipping articles signed by him did not conform to the requirement of the laws of the United States. The master cannot be permitted to take advantage of his own neglect in that regard.

In Admiralty. Libel in rem, against the schooner Governor Ames, by John Paulson, a seaman, to recover damages for a personal injury suffered while stowing cargo. Decree that libelant recover the amount of wages which he would have earned by completing the voyage for which he had engaged to serve.

W. V. Rinehart, Jr., for libelant.
John M. Gearin, for claimant.

HANFORD, District Judge. From the evidence in this case I find that the libelant was hired at San Francisco to serve as an able seaman, on board the schooner Governor Ames, for a voyage from San Francisco to Puget sound, thence to Australia, and return

to an American port on the Pacific coast. The wages contracted for were to be at the rate of $40 per month until the vessel should be loaded at Puget sound for the contemplated voyage to Australia, and from that time, until the termination of the contract, at the rate of $30 per month. The shipping articles signed by the libelant do not conform to the requirements of the United States statutes, and are insufficient to constitute a valid contract; but the document in evidence serves as a memorandum to corroborate the libelant's testimony as to the terms of the verbal contract of hiring entered into between the signers and the master. It shows that the vessel was to be employed on such a voyage as I have described, and that it was contemplated that the libelant should go in her as an able seaman, and receive wages as above stated. Pursuant to this contract, the libelant went on board, and served faithfully until he was injured by being struck by a heavy timber while doing his work in the hold, stowing her cargo of lumber, which she was to carry to Australia, in consequence of which he was, by the captain's orders, removed to the marine hospital at Port Townsend, and there paid the amount of wages earned during the time he was actually employed.

The libel charges that the injury was caused by negligence on the part of the officers of the vessel, and on this ground he claims to be entitled to recover compensation for an injury causing permanent disability. I find it unnecessary to decide whether or not there was negligence on the part of any officer or member of the crew, or whether the libelant contributed in any way to his own injury by negligence on his part. The law governing cases such as this is well stated in the following extract from the opinion of Judge Brown, of the southern district of New York, in the case of the City of Alexandria, 17 Fed. Rep. 396:

"In cases of accidents like the present, the provisions of the maritime law applicable to the rights of the parties are altogether different from those of the municipal law in regard to similar accidents on land. By the latter the person injured, if chargeable with contributory negligence, would recover nothing; he would not be entitled to wages while disabled, nor to be nursed and tended at his employer's charge. By the maritime law the mere ordinary negligence of the seaman, though that be the sole cause of the accident, makes no difference in his right to be cured at the ship's expense, and to his wages to the end of the voyage; and, as his own negligence does not debar him from these rights by the maritime law, so, conversely, these rights are in no way extended, though his hurts have arisen by the negligent acts of others of the ship's company. In effect, the maritime law makes no account of mere ordinary negligence in such cases. More or less negligence is in fact to be expected, and the rules long established, as regards the relief to be afforded, are irrespective of such negligence, whether by the seaman or others. When the owners perform all that can be reasonably done on their part by the proper equipment of the vessel for the voyage, and the selection of competent officers and a sufficient crew, no reason exists in natural justice for holding them or their vessel answerable for the accidents to seamen which happen during the voyage, beyond the limits which the maritime law has established."

Although the shipping articles signed by the libelant are defective, he is not blamable. The master cannot be permitted to take advantage of his own neglect in this regard, after the libelant has been

disabled in the service of the ship, by claiming a forfeiture of the wages which would have accrued if the law had been complied with. The libelant is by the maritime law entitled to the balance of his wages, at the rate of $30 per month from the time of the accident to the date of the vessel's return from Australia to an American port, and costs. Decree accordingly.