## THE ROBERT C. McQUILLEN.

### (District Court, D. Connecticut.  January 21, 1899.)

### No. 1,130.

SEAMEN—WAGES WHILE DISABLED FROM INJURY—CONTRIBUTORY NEGLIGENCE.
The negligence of a seaman, contributing to an injury, which made it necessary to put in to a port and leave him, does not debar him from recovering his full wages, which include all that would have accrued upon the completion of the voyage.[1]

Samuel Park, for libelant.
Deforest & Klein, for claimants.

TOWNSEND, District Judge.    Libel in rem for wages.    For further facts as to libelant's employment and injury, see Johnson v. The Robert C. McQuillen, 91 Fed. 685.    At New York, on the 31st day of August, 1895, libelant was duly employed as a seaman on claimants' schooner, and while the vessel was on the return voyage from Darien, Ga., to New York, libelant was struck on the back by the main boom, and received such injuries that the master of the vessel was obliged to put in at Wilmington, and to send him to the hospital.    The sum of $22.17 was paid him there as wages, said sum being the amount earned up to that time only, and the vessel then returned to New York.    It is settled that, generally, a seaman injured or taken sick in the service of a ship, and left in a foreign port without his consent, is entitled to his full wages to the end of the voyage or until restored to health.    But claimants contend that they are not liable for any amount above said $22.17, because said sum was received by libelant in full of said wages; and, further, because said disability resulted from his own negligence.    The first point is not proved.    As to the second point, the opinions of Mr. Justice Washington in Sims v. Jackson, 1 Wash. C. C. 414, Fed. Cas. No. 12,890, and of Judge Brown in The City of Alexandria, 17 Fed. 390, and of Judge Hanford in The Governor Ames, 55 Fed. 327, are to the effect that the mere negligence of the seaman does not debar him from recovering his full wages, and that the term "full wages" means the aggregate amounts of all the monthly sums which would have accrued upon the completion of the voyage.    Let a decree be entered for the libelant for the sum of $11.32, and his costs.

[1] As to negligence of both master and servant, see note to Wm. Johnson & Co. v. Johansen, 30 C. C. A. 678.