THE MARION CHILCOTT et al.

(District Court, D. Washington, N. D. July 24, 1899.)

1. SEAMEN—DAMAGES FOR PERSONAL INJURY—LIABILITY OF VESSEL.
   While the sixteenth admiralty rule protects a ship from liability for damages for assaults committed by her officers, she is liable for injuries inflicted on a seaman by reason of the neglect of the master to protect him from continued abusive treatment by a subordinate officer.

2. SAME.
   The rule that a ship is not liable to a seaman in damages for injuries resulting from negligence of the officers is not applicable when such negligence amounts to a breach of duty; as where the master fails to protect the seaman from continued violence and brutal treatment at the hands of a subordinate officer.

In Admiralty. Libel in rem by Franz Schwam, seaman, against the ship Marion Chilcott, to recover damages for personal injuries.

M. M. Madigan, for libelant.

E. C. Hughes, for claimant.

HANFORD, District Judge. The libelant claims damages to the amount of $25,000 for abuse and personal ill treatment alleged to have been suffered by him while serving as a seaman on the ship Marion Chilcott on a voyage from Baltimore to Seattle. After careful consideration of the pleadings, evidence, and arguments, I am convinced that the libelant suffered corporal chastisement at the hands of the mate very frequently during the voyage, which was, except on the first occasion, unnecessary, and unjustifiable. When discharged, after the termination of the voyage, the libelant was in such poor health that he was taken to the marine hospital with a permit issued to him by the captain, and he was certainly in a nervous and weakened condition, in consequence of his sufferings during the voyage. There is, however, no evidence upon which to base a finding that his injuries are permanent. He has shown himself to be an untruthful witness, and I am convinced that he has grossly exaggerated, both as to the ill treatment and its effects. There is a decided preponderance of the evidence against the libelant in regard to a number of important facts, and convincing proof that the greater part of his suffering was caused otherwise than by ill treatment at the hands of the officers of the ship; and for the pain and distress now referred to,

the ship, her owners and officers, are not in any degree responsible. An exorbitant demand increases the expense and burden of litigation, and a party responsible for it should share the consequences by having his recovery pared down. Having this principle in mind, I shall award only a comparatively small amount of damages in this case.

The sixteenth admiralty rule is a bar to a suit in rem by a seaman to recover damages for assaults committed by officers of a ship, but I hold that the vessel is liable in this case for the consequence of continued abusive treatment on the part of the first mate, which should have been prevented by the captain. It was the duty of the captain to maintain proper discipline on the ship, and to protect members of the crew from abuse at the hands of his subordinate officers; and neglect to perform his duty in that regard renders the ship liable for the effect of such abuse. In the case of The A. Heaton, 43 Fed. 592, Mr. Justice Gray lays down the law on this subject as follows:

"In this country it has been established by a series of judgments of the supreme court of the United States that a libel in admiralty may be maintained against the ship for any personal injury for which the owners are liable under the general law, and independently of any local statute. Accordingly passengers have often maintained libels, as well against the ship carrying them as against other ships, for personal injuries caused by negligence for which the owners of the ship libeled were responsible. The New World, 16 How. 469; The Washington, 9 Wall. 513; The Juniata, 93 U. S. 337; The City of Panama, 101 U. S. 453, 463. The sixteenth rule in admiralty, which directs that 'in all suits for an assault or beating upon the high seas, or elsewhere within the admiralty and maritime jurisdiction, the suit shall be in personam only,' does not affect libels for negligence. * * * No reason can be assigned why the owners of a vessel should be held less liable to a seaman for the negligence of the master in a court of admiralty than in a court of common law. Courts of admiralty have always considered seamen as peculiarly entitled to their protection. * * * A seaman taken sick or injured or disabled in the service of the ship has the right to recover his wages to the end of the voyage, and to be cured at the ship's expense. That right, indeed, grounded solely upon the benefit which the ship derives from his service, and having no regard to the question whether his injury has been caused by the fault of others or by mere accident, does not extend to compensation or allowance for the effects of the injury; but it is in the nature of an additional privilege, and not of a substitute for, or a restriction of, other rights and remedies. Harden v. Gordon, 2 Mason, 541, Fed. Cas. No. 6,047; The George, 1 Summ. 151, Fed. Cas. No. 5,329; Reed v. Canfield, 1 Summ. 195, 199, 201, Fed. Cas. No. 11,641. It does not, therefore, displace or affect the right of seamen to recover against the master or owner for injuries by their unlawful or negligent acts."

I am not prepared to depart from the rule of limited liability for injuries caused by accidents laid down in the decision of this court in the case of The Governor Ames, 55 Fed. 327. But that rule is not applicable in a case where the negligence complained of amounts to a breach of duty on the part of the owner or master of a ship which such owner or master is obligated to perform personally,—as, for instance, the duty to see that the ship is seaworthy at the time of leaving port, and that her equipments, appliances, and apparatus which must be handled and used by the crew in her navigation are sound and fit for use, and not, by reason of decay or wear, calculated to expose members of the crew to unnecessary danger; or the duty of the master while at sea to protect the crew from violence and

brutal treatment in violation of the implied contract that such protection will be afforded.　It is my opinion that the ship is liable in this case, and I award to the libelant as his damages the sum of $100 and costs.