THE LIZZIE BURRILL.

(District Court, S. D. Alabama.   March 19, 1902.)

No. 972.

**1. SHIPPING—MASTER—DUTY TO PROTECT SEAMEN.**

It is the duty of the master of a ship while at sea to protect his crew from violence and brutal treatment by other officers under his command.

**2. SAME—LIABILITY OF SHIP AND OWNER FOR TORTS OF MASTER.**

The master of a ship while on board is the agent of the owners in respect to all matters which come within the scope of his duty, and the owners and ship are liable in damages to a seaman, not only for the unwarranted illtreatment of such seaman by the master himself, but for his failure to perform his duty to protect the seaman from assaults and illtreatment by other officers.

In Admiralty.   Action by seaman for damages.

Smith & Gaynor, for libelant.
Mitchell & Tonsmeire, for respondent.

TOULMIN, District Judge.   "It is the duty of the master while at sea to protect the crew from violence and brutal treatment, in violation of the implied contract that such protection will be afforded." The Marion Chilcott (D. C.) 95 Fed. 688; The A. Heaton (C. C.) 43 Fed. 592.   "It is his duty to restrain the violence of the officers, and to set an example of discretion and temper."   Desty, Shipp. & Adm. § 127, and authorities therein cited.   While seamen must submit to a reasonable discipline, and to such privations and punishment as are necessary to enforce a faithful performance of their duties, they must, nevertheless, be treated as men, with the feelings of men, always entitled to the rights of humanity and the protection of the law.   Magee v. The Moss, 16 Fed. Cas. 384 (No. 8,944).   The law demands a strict adherence to duty from both master and crew, and the use of proper language no less than proper acts.   The vessel will be liable in damages for loss or injury to a mariner from the willful misconduct of any officer.   Desty, Shipp. & Adm. § 156.   The master and the seaman are not fellow servants.   The A. Heaton, supra.   The court (opinion by Mr. Justice Gray) in the case of The A. Heaton, supra, cites with evident approval the doctrine laid down by Mr. Justice Story in Sherwood v. Hall, 3 Summ. 127, Fed. Cas. No. 12,777, where he said that "the owners of a vessel are responsible for the torts of the master in acts relating to the service of the ship and within the scope of his employment in the ship.   *   *   *   In cases of injuries from negligence *   *   *   and other torts from the fault of the master, the owners are, by the maritime law, made responsible for his acts and omissions of duty."   And the court also quotes approvingly from Dr. Lushington in the high court of admiralty of England, where he said that he "must hold and ever shall hold that the owners of a vessel are responsible for the whole conduct of the master whilst on board his vessel, and in command of that vessel; not criminally speaking, but civilly speaking, the owners are responsible for any deviation from that line of conduct which it behooves a master to perform, not simply in the navigation of the vessel and in the care of his own seamen, but for the performance of any office of humanity."   The case of Gabrielson v. Waydell (C. C.) 67 Fed. 342, was an action against the owners of a bark for injuries

alleged to have been done the plaintiff, a seaman, by the master on the high seas. The court said it was not an action for assault and battery, but was to be considered as an action rather for breach of duty of good treatment and care for violation of the person. The court further said: "That the master of a ship at sea is agent for the owners as to everything about the crew is not disputed or disputable;" and the court cites a case where the owners were held liable to the mate for the consequential damages from shooting by the master. Gabrielson v. Waydell, supra. See, also, as to the agency of the master for the owners, The A. Heaton, supra.

The weight of evidence clearly shows not only bad treatment, consisting of assaults and beating by the third mate and the boatswain, but by the master himself. The master's personal violence does not appear to have been so frequent or continuous, but it does appear that he not only did not protect libelant from the bad treatment, and from violence committed by the mate and boatswain, of the mate particularly, which it seems was continuous and persistent, but that he on more than one occasion at least encouraged it. His acts of omission as well as commission, and which were more frequent, were a breach of duty on his part, for which, in my judgment, the vessel is liable.

The testimony for claimant is mainly of a negative character, at least so far as the master's acts of violence or illtreatment of the libelant is concerned, except that of the master himself. He testifies that he did not commit any personal violence on libelant, except on one occasion, and his account of that occurrence as to the character and manner of the assault is in conflict with the weight of evidence on behalf of the libelant. He also testifies that he did not encourage the mate and boatswain in their bad treatment of libelant, which is also in conflict with the weight of evidence. The other witnesses for claimant say generally that they did not see any assault or other illtreatment of libelant by the master, and that the master was generally good in his treatment of the men. Some of them, however, testify that libelant was harshly treated and assaulted by the third mate and boatswain, and this seems from the evidence to have been pretty generally known aboard the ship. But the specific allegations of the libel as to the illtreatment of the libelant are not put in issue by the answer. The answer denies in a general way that the master did "illtreat David Jones, or that said David Jones was unjustly or illegally assaulted by any one for whose conduct the owners of said vessel are responsible."

I find from the evidence that he "was unjustly and illegally assaulted" by those for whose conduct the owners of said vessel are responsible, and that he failed to get that protection to which he was entitled under the law. No legal justification or excuse is shown for the harsh treatment he received. If he was a poor seaman,—one without much or any knowledge or experience as such,—as appears from the evidence to have been the fact, this did not justify the illtreatment he received. Other remedies are provided for and authorized by the law. It, however, does not appear that libelant was seriously injured by his treatment,—no special damage is shown,—and I think that $50 would be ample to compensate him in the case made.

Let a decree be entered for this amount, with costs.