## THE BUNKER HILL.

### (District Court, S. D. New York. May 7, 1912.)

SEAMEN (§ 29*)—PERSONAL INJURIES—LIABILITY OF VESSEL.

A seaman cannot recover from the ship, for an injury received through the negligence of the master, beyond the expense of his maintenance and cure and his wages to the end of the voyage.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

In Admiralty. Suit by Forest Carson against the steamer Bunker Hill. Decree for respondent.

James J. Macklin, of New York City, for libelant.
Harrington, Bigham & Englar, of New York City, for claimant.

WARD, Circuit Judge. August 4, 1911, at 1:30 a. m., the steamer Bunker Hill, while on a voyage from New York to Boston, ran ashore in Vineyard Sound. The first pilot was in charge, and went on duty at 1:10 a. m., instead of at midnight, as he should have done. The master had turned in. The libelant, who was one of the pantrymen, testifies that the shock of the stranding threw him out of his berth, which was an upper one, to the floor. The steamer returned to New York, arriving there August 5th, and the libelant was paid off the next day, without making any complaint whatever. No bones were broken, nor is there any evidence of contusions, except he says there was a little bruise on the skin on his right side, from which he suffered pain. August 7th, beginning to suffer severe pain, he applied plasters without any relief, and then went August 9th to the Brooklyn Hospital, where he was operated on for appendicitis. Traumatic appendicitis is extremely rare, as appears from Dr. Howard J. Kelly's work on that subject.

There can be no doubt that the stranding was negligent, but the master was guilty of no negligence in connection with it. The libelant contends that the first pilot, being at the time in charge, is to be regarded as master, and not as his fellow servant. Therefore he says he is entitled to indemnity. Assuming that the libelant's appendicitis was the result of the fall from his berth, which I do not believe, and that the first pilot is to be regarded as master, which I do not think, the libelant is not entitled to indemnity. It has not been decided in the federal courts whether the master is a fellow servant of members of the crew. To put it most favorably for the libelant, the question was reserved in The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760, Mr. Justice Brown summing up the law on the subject in the third and fourth propositions:

"3. That all the members of the crew, except perhaps the master, are, as between themselves, fellow servants, and hence seamen cannot recover for injuries sustained through the negligence of another member of the crew beyond the expense of their maintenance and cure.

"4. That the seaman is not allowed to recover an indemnity for the negli-

gence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident."

See, also, The City of Alexandria (D. C.) 17 Fed. 390.

All the libelant is entitled to receive, being a seaman, is medical treatment and expenses of his cure, so far as possible, and wages to the end of the voyage. That learned judge, Addison Brown, held in this district that the liability for the expenses of cure continued for a reasonable time after the termination of the voyage. The W. L. White (D. C.) 25 Fed. 503. Whereas Judge (afterwards Mr. Justice) Henry B. Brown held that the duty did not extend beyond the termination of the contract of service, The J. F. Card (D. C.) 43 Fed. 92. The libelant has received his wages down to the termination of the voyage, and there was then no necessity for medical treatment. Now he is cured of the appendicitis without any expense to him.

The libel is dismissed, without costs.