### WILSON v. MANHATTAN CANNING CO.

(District Court, W. D. Washington, N. D.· June 19, 1913.)

No. 2,477.

1. SEAMEN (§ 19*)—DISCHARGE DURING TERM OF SERVICE—WAGES.

Rev. St. § 4527 (U. S. Comp. St. 1901, p. 3077), providing that a seaman, discharged without fault on his part before he has served one month under his contract, shall be entitled to recover a month's wages in addition to those earned, under the provisions of Act June 9, 1874, c. 260, 18 Stat. 64 (U. S. Comp. St. 1901, p. 3064), does not apply to vessels engaged in the coastwise trade between Pacific ports in the states and ports in Alaska.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 83–85; Dec. Dig. § 19.*]

2. SEAMEN (§ 29*)—INJURY IN SERVICE—LIABILITY OF VESSEL.

A seaman, injured without his fault, is entitled to recover the expenses of his cure and maintenance during the continuance of his disability, together with his wages for the voyage for which he signed.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

In Admiralty. Suit by J. W. Wilson against the Manhattan Canning Company. On exceptions to libel. Overruled.

James Kiefer, of Seattle, Wash., for libelant.

Dorr & Hadley, of Seattle, Wash., for respondent.

CUSHMAN, District Judge. This cause is for decision upon the exceptions of the respondent to the libel, which is one for wages, maintenance, and expenses of cure. On the 21st of April, 1913, libelant shipped as cook on the brig Harriet G., at Seattle, its home port, for a voyage of six months' duration to Port Heiden, in Alaska; the agreed wages being $80 per month. He began the discharge of his employment the same day, continuing therein until the 23d day of April, 1913, when, at Seattle, while the vessel was being towed from the dock to anchorage, libelant fell from the companionway leading from the poop deck to the main deck—alleged to be without fault on his part, and, in' falling, struck a pile upon the deck of the vessel, and received certain injuries rendering him unable to longer continue in the services of the ship, or perform his duties as cook. At the direction of the master, he was removed from the vessel to a hospital in the city of Seattle, ·where it is alleged he remained until the 5th day of May, 1913, incurring a hospital bill of $30.60 and a physician and surgeon's bill of $50. It is alleged that he is still sick, and will be unable to work at his occupation, or at all, for six months; that his necessary 'expenses' for maintenance ashore have been $1.50 per day; that he will require further medical attendance, which he estimates at $50; that the vessel has left the port of Seattle for Port Heiden; and that there is no system of communication between Seattle and the port of Port Heiden by which libelant could rejoin said vessel, should he recover.

[1] The libel is excepted to upon the ground that, in any event, libelant—under section 4527, R. S., 6 Fed. Stat. Ann. p. 864 (U. S. Comp. St. 1901, p. 3077)—is only entitled to one month's wages in addition to those already earned at the time of his leaving the vessel. This section provides:

"Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned."

If this section includes cases other than those of wrongful discharge, it is inapplicable to a coastwise voyage of the nature of the one set up in the libel. The above section was one of those in the Shipping Commission Act of June 7, 1872 (17 Stat. 262, c. 327), and was, so far as the voyage here in question is concerned, repealed by Act June 9, 1874, c. 260, 18 Stat. 64, 6 Fed. Stat. Ann. 850 (U. S. Comp. St. 1901, p. 3064), which later act provides:

"That none of the provisions of an act entitled 'An act to authorize the appointment of shipping commissioners by the several Circuit Courts of the United States to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for the further protection of seamen' shall apply to sail or steam vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts, or in the lake-going trade touching at foreign ports or otherwise, or in the trade between the United States and the British North American possessions, or in any case where the seamen are by custom or agreement entitled to participate in the profits or result of a cruise, or voyage."

See Dary v. The Caroline Miller (D. C.) 36 Fed. 507.

This repeal is still effective, as, so far as the section relied upon by respondent is concerned, there has been no re-enactment.

[2] Under the maritime law, the libelant would be entitled to the expenses of his cure and maintenance while injured, together with his wages for the voyage. W. L. White (D. C.) 25 Fed. 503; The Robert C. McQuillen (D. C.) 91 Fed. 688; Olsen v. Whitney (D. C.) 109 Fed. 80; The Bunker Hill (D. C.) 198 Fed. 587; Peterson v. The Chandos and Master (D. C.) 4 Fed. 645; Highland v. The Harriet C. Kerlin (C. C.) 41 Fed. 222.

The question whether libelant would be entitled to recover, on the showing in his libel, the wages prior to the expiration of the six months for which he shipped, was not argued upon the exceptions, nor considered.

The exceptions are overruled.