## THE BOUKER NO. 2.

### (District Court, S. D. New York. February 15, 1916.)

SEAMEN &—11—MEDICAL TREATMENT AND MAINTENANCE WHEN DISABLED— TIME AFTER END OF VOYAGE.

A seaman who falls sick or is injured on a voyage is entitled to charge the expense of his maintenance and cure for a reasonable time after the end of the voyage.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 39–44, 187; Dec. Dig. &—11.]

In Admiralty. Suit by a seaman against The Bouker No. 2. Decree for libelant.

Silas B. Axtell, of New York City, for libelant.
Foley & Martin, of New York City, for claimant.

LEARNED HAND, District Judge. The question whether a seaman who falls sick or is injured while on his voyage may charge for his cure only till the end of the voyage or whether his cure covers a reasonable period thereafter is not settled by any authoritative decisions. Mr. Justice Story, however, held that the cure extended beyond the voyage (Reed v. Canfield, 1 Sumner, 195, Fed. Cas. No. 11,641), and his is a high authority in matters maritime. Judge Addison Brown, likewise a high authority in such cases, ruled the same way (The W. L. White [D. C.] 25 Fed. 503), and this has been followed in Wilson v. Manhattan Canning Co. (D. C.) 205 Fed. 996, by Judge Cushman, and in The Lizzie Frank (D. C.) 31 Fed. 477, by Judge Toulmin. Judge Ward, in The Bunker Hill (D. C.) 198 Fed. 587, obiter, seems to have approved the rule, as did also Judge Hoffman in Raymond v. The Ella S. Thayer (D. C.) 40 Fed. 902. Judge Henry B. Brown's decision in The J. F. Card (D. C.) 43 Fed. 92, proceeded rather upon the fear of danger to shipping than upon a consideration of the authorities. Judge Betts appears twice to have ruled against the right to cure after termination of the voyage (Nevitt v. Clarke, Fed. Cas. No. 10,138, and The Atlantic, Fed. Cas. No. 620), but those were each earlier cases than the W. L. White, supra.

Similarly Judge Ross ruled for the ship in The Tamerlane (D. C.) 47 Fed. 822, and Judge Miller in The Ben Flint, Fed. Cas. No. 1,299.

In this district it seems clear that the later cases are in accord with the libelant's position. Moreover, the cases to the contrary were all decided at a time when general notions of what was just in such matters favored the libelant much less than at present. Certainly I should not have the right to change a well-settled rule because it did not answer present convictions, but when the matter is open and inclines decidedly towards such convictions, it would be wrong to twist it back again.

The libelant may recover the expenses of his cure and maintenance as proved, $1,091.90. No costs.