## HALVORSEN v. UNITED STATES et al.

(District Court, W. D. Washington, N. D. September 29, 1922.)

No. 6679.

I. Seamen ⬅11—Entitled to maintenance, cure, and wages during continuance of voyage, where sick or injured.

A seaman, who becomes sick or injured in the service of a ship, is entitled to maintenance, cure, and wages at least so long as the voyage is continued.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Seamen ⬦⇒16, 20, 25—Seaman, who became sick during voyage, held entitled to wages for full voyage, though signing receipt and accepting other work, with deductions.**

Where a seaman became sick without his fault during a voyage, and was placed in a hospital at a certain port, and on his discharge from the hospital in a penniless condition was required to sign a statement that he accepted his wages, which had been left with the United States consul, as payment in full for the voyage in order to obtain such wages, he was entitled to recover full wages for the remainder of the voyage after deduction of the amount earned in other employment during the time of the voyage, since his status was not that of a discharged seaman, though he signed a receipt in full, and he did not waive his claim under the shipping articles by accepting such other employment.

**3. Seamen ⬦⇒33—Statute entitling seaman to double pay held inapplicable to seaman suing for remainder of wages on inability to complete voyage because of sickness.**

Where a seaman became sick without his fault during a voyage, and was placed in a hospital at a certain port, and on his discharge from the hospital in a penniless condition was required to sign a statement that he accepted his wages, which had been left with the United States consul, as payment in full for the voyage in order to obtain such wages, the seaman, in an action to recover wages for the remainder of the voyage, was not entitled to double pay under Rev. St. § 4529 (Comp. St. § 8320); the statute being inapplicable and being designed for the protection of seamen, to prevent abuses, and subjecting a seaman to expense while waiting for settlement.

In Admiralty. Action by H. O. Halvorsen against the United States and the United States Shipping Board Emergency Fleet Corporation. Decree for libelant.

The libelant was employed as first assistant engineer on the steamship Higho at the port of Baltimore, February 16, 1921, for a voyage to South American and other ports and back to the home port for a period not exceeding 12 months. On the 28th of May following, at the port of Rio de Janiero, without his fault, he became ill and was placed in a hospital, where he remained until June 21st following. After discharge by the hospital, he being without funds and being informed that his wages had been left with the United States consul, he called upon the consul, who refused to pay any sum unless the libelant accepted the whole sum left by the master as payment in full for the voyage. He was obliged to sign because of his penniless condition. He was provided passage to New York by the United States consul, but was required to pay for subsistence en route. Upon arrival at New York he sought employment, and failed, and then went to the port of Baltimore and reported to the port captain operating the respondent ship. He was not given further employment, but secured another employment for a brief time, for which he received $150, but was required to pay $9.50 a week, or a total of $38, for subsistence. He has demanded his full wages for the voyage, and $5.50 per day for each day in the city of Baltimore and New York between July 11th, the day of arrival in New York, and July 20th, the day he secured employment, and $5.50 per day for each day from September 1, 1921, to the date the voyage was completed, December 31, 1921, the time he had no employment, as and for the allowance due libelant for room, quarters, and meals ashore, as stipulated in the articles, and for two days' pay at the rate stipulated in the articles for each day elapsing since January 1, 1922. The respondent contends that the libelant was discharged at the port of Rio de Janiero and fully paid, and further that under no circumstances is he entitled to wages or subsistence beyond the time of his arrival at the port of Baltimore, and no justification is manifest under any view of the case for the penalty of two days' pay for each day's default in payment.

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James Kiefer, of Seattle, Wash., for libelant.

Bogle, Merritt & Bogle, of Seattle, Wash., for respondents.

NETERER, District Judge (after stating the facts as above). [1, 2] It has long been the adopted rule that a seaman, becoming sick or injured in the service of the ship, is entitled to maintenance and cure and wages, at least so long as the voyage is continued. The Osceola, 189 U. S. 175, 23 Sup. Ct. 483, 47 L. Ed. 760; Wilson v. Manhattan C. Co. (D. C.) 210 Fed. 898, affirmed (C. C. A.) 217 Fed. 41; The Nyack, 199 Fed. 383, 118 C. C. A. 67; The Bouker (D. C.) 231 Fed. 254; Great Lakes S. S. Co. v. Geiger (C. C. A.) 261 Fed. 275. The relation disclosed between the libelant, the United States consul, and the ship at the time of the payment of wages at Rio de Janiero to the date of entrance to the hospital was not that of a discharged seaman. Pacific Mails S. S. v. Lucas (C. C. A.) 264 Fed. 939, affirmed by the Supreme Court March 27, 1922, 258 U. S. 266, 42 Sup. Ct. 308, 66 L. Ed. ——. The libelant, accepting other employment under the circumstances, did not waive his claim under the shipping articles, but the benefit by way of wages received inures to the respondent, and should be credited against libelant's recovery.

[3] The status of the seaman, the discharge contended for, the libelant's arrival at the home port, I think, disclose sufficient cause to challenge the right to double pay under section 4529, R. S. (Comp. St. § 8320). This statute is designed for the protection of seamen, to prevent abuses and subjecting a seaman to expense while waiting for settlement. The circumstances in this case do not call for such an allowance. Gerber v. Spencer (C. C. A.) 278 Fed. 886, which was tried before the writer in the lower court in San Francisco, disclosed a different status and condition.

A decree may be presented in harmony with the above.