### THE ROBINSON.

(District Court, E. D. Pennsylvania. January 30, 1925.)

No. 271.

Admiralty ⊙⟹28—Vessel not liable in rem for injuries to member of crew from assault arising from master's failure to maintain discipline.

Under Supreme Court admiralty rule 15, suit in rem will not lie against vessel to recover indemnity for injuries caused by assault on member of crew, though arising from master's failure to maintain discipline and his negligently permitting liebelant's assailant to use and come under influence of intoxicating liquor.

In Admiralty. Libel by one Ramos against the schooner Robinson for indemnity for injuries sustained from assault by one of crew. On exceptions to amended libel. Exceptions sustained, and libel dismissed.

Howard M. Long, of Philadelphia, Pa., for exceptions.

Oliver C. Riethmiller, of Philadelphia, Pa., opposed.

THOMPSON, District Judge. The libel sets out that the libelant was steward of the schooner Robinson and on November 17, 1924, one of the crew made an assault upon him with a knife, whereby he was injured and sues in rem to recover indemnity in the sum of $5,000. The assault is alleged to have occurred through the negligence of the master and mate in failing to enforce discipline and obedience among the crew of the vessel, and in failing to exercise reasonable and proper care and diligence in protecting the life and person of the libelant from assault and violence at the hands of the other members of the crew.

It is alleged that the master permitted intoxicating liquors to be brought on board the vessel, drank intoxicating liquors himself, and himself became under the influence thereof, and caused or permitted libelant's assailant to drink intoxicating liquors, whereby he became under the influence thereof. It is alleged that the master knew that the libelant's assailant was in a dangerous mood and likely to commit acts of violence, and refrained from exercising his authority to maintain order and discipline, although he knew from the shouts of the libelant of the entrance of the assailant into the libelant's quarters for the purpose of committing the assault, and that he was negligent in failing and refusing to come to the assistance of the libelant.

[1] Rule 15 of the Supreme Court Admiralty Rules is as follows:

"Assault or Beating—Remedies. In all suits for an assault or beating on the high seas, or elsewhere within the admiralty and maritime jurisdiction, the suit shall be in personam only."

In The Sallie Ion (D. C.) 153 F. 659, Judge McPherson, of this court, citing the above rule (being then the sixteenth admiralty rule), sustained an exception to a libel in rem in which indemnity was claimed for injuries caused by an unprovoked assault permitted by the master himself. Counsel for the libelant contends that the instant case is distinguishable, in that the present libel is based upon the duty of the owners through the master to maintain proper order and discipline upon the ship and cites the Marion Chilcott (D. C.) 95 F. 688, The A. Heaton (C. C.) 43 F. 592, The Governor Ames (D. C.) 55 F. 327, The Lizzie Burrill (D. C.) 115 F. 1015, and other cases, in which it has been held that an action in rem will lie to recover damages for loss or injury arising through the neglect of the duty of the master to maintain the discipline which should govern the conduct of those under his authority. That that is not the law is ruled in The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760, where the cases are thoroughly reviewed by Mr. Justice Brown, and at page 175 (23 S. Ct. 487), the learned justice summarized the law as settled upon the following proposition:

"That the seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident."

The law thus expressed clearly rules this case and the exceptions are therefore sustained, and the libel dismissed.