## YOFFE v. CALMAR S. S. CORPORATION.
### No. 22695–R.

District Court, N. D. California, S. D.
June 10, 1938.

H. W. Hutton, of San Francisco, Cal., for libelant.

Lillick, Olson, Levy & Geary, of San Francisco, Cal., for respondent.

ROCHE, District Judge.

This is a libel brought by a seaman to recover wages as per articles, and double wages, accruing during an alleged period of non-payment after the termination of the voyage. Libelant is seeking relief under Section 4529, Revised Statutes, as amended by the Seamen's Act of March 4, 1915, 46 U.S.C.A. § 596, for double wages.

It is alleged that the libelant was signed on the respondent's S.S. Vermar for a voyage from Baltimore, Maryland to Pacific Coast ports and return. Also, that the libelant fell ill in the service of the vessel without his fault and was thereby forced to leave the ship on January 20, 1938 at the port of San Francisco, California, where he entered the United States Marine Hospital.

The libel alleges that wages were paid to and including January 20, 1938, but that no wages were paid beyond that date, notwithstanding demand.

Libelant seeks to recover wages from January 20, 1938, to April 5, 1938, the date when the voyage was completed at Baltimore, Maryland, and double wages of two days' pay for one from April 7, 1938, until paid. Respondent has paid into the Registry of the Court the amount of wages claimed from January 20, 1938, to April 5, 1938.

Two exceptions to the libel have been filed by the respondent vessel owner: the first challenges libelant's right to recover double wages after April 7, 1938; the second asserts that libelant has failed to allege facts showing that the refusal or neglect to pay wages was without sufficient cause. Because the issue presented by the first exception to the libel gives rise to a problem which has not been expressly settled by an Admiralty Court, this opinion is being written.

Section 4529, Revised Statutes (46 U.S.C.A. § 596), which authorizes the recovery of double wages under certain circumstances, provides in part: "The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or vice versa, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; * * *". Double wages are recoverable against every master or owner who refuses or neglects, without sufficient cause, to make payments in the manner specified.

The duty of prompt payment imposed upon the master or owner by this section arises, on coastwise voyages, at the time the seaman is discharged or at the time of the termination of the articles; on foreign or intercoastal voyages, at the time of the seaman's discharge or at the time the cargo is discharged. In each case the statute operates at the time the seaman leaves the ship, either upon his discharge or at the end of the voyage if no discharge occurred before that time. See The Cubadist, D. C., 252 F. 658, 659, where it is said at page 660: "A careful reading of section 4529 [46 U.S.C.A. § 596] will show that Congress intended that the seaman should be paid their wages in full *when their term of service is ended, either by performance or discharge.*" (Italics supplied.)

The circumstances under which the libelant left the vessel, on account of illness, and the payment of wages to the date of his leaving, sufficiently establish that the libelant was discharged from the vessel on January 20, 1938, within the meaning of Section 4529, Revised Statutes, 46 U.S.C.A. § 596. The David Faust, Fed. Cas. No. 3,595, 1 Ben. 183; The Lake Gaither, 4 Cir., 40 F.2d 31, 1930 A.M.C.

815; The Losmar, D. C., 20 F.Supp. 887. Hence the duty to make prompt payment of wages to the libelant arose on January 20, 1938 and respondent's liability under the statute must be determined as of that time.[1] If the master or owner fulfilled the obligation of prompt payment as of January 20, 1938, the statute imposed no penalty for failure to make immediate payment when the voyage ended. This is so, regardless of whether the cause for libelant's leaving the ship was such as to entitle him to wages to the end of the voyage, for he had been *discharged* during the course of the voyage.

The libel alleges the full payment of all earned wages on January 20, 1938, the time of libelant's discharge, and thereby establishes respondent's performance of its statutory duty to the libelant. It follows that libelant is not entitled to double pay under Section 4529, Revised Statutes (46 U.S.C.A. § 596). See Halvorsen v. United States, D.C., 284 F. 285.

In view of the conclusion that the respondent has performed its statutory duty, it is unnecessary to decide the issue raised by the second exception.

The first exception is sustained and the libel dismissed as to the recovery of double wages, with costs to respondent.

---

[1] It is conceded that the balance of wages to the end of the voyage could not have been computed prior to the time the voyage terminated.