**PAGE v. UNITED STATES et al.**

No. 12263.

United States Court of Appeals Ninth Circuit.

Oct. 27, 1949.

---

12. United States v. Crummer, 10 Cir., 151 F.2d 958, 963; Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861.

602

B. A. Green, James Landye and Nels Peterson, Portland, Or., for appellant.

Henry L. Hess, U. S. Attorney, Floyd Hamilton, Asst. U. S. Attorney, Portland, Or., for appellee U. S. A.

Wood, Matthiessen & Wood, Erskine Wood, Portland, Or., for appellee U. S. A. and Moore-McCormack Lines.

Before HEALY and POPE, Circuit Judges, and DRIVER, District Judge.

PER CURIAM.

In April, 1946, appellant Alexander S. Page was injured in the performance of his duties as acting second assistant engineer on a merchant ship en route from the west coast of the United States to the Orient. As a result, on May 2nd he left the ship after her arrival in Japan and was sent back to his home in Portland, Oregon. The return voyage of the vessel was completed about June 15, 1946. The United States was the owner and Moore-McCormack Lines, Inc. the general agent for the transaction of certain shoreside business of the ship under the terms of standard form agency agreement GAA 4-4-42.[1]

■ Appellant libeled both the owner and the general agent in personam under the Suits in Admiralty Act, 41 Stat. 525, 46 U.S.C.A. § 741 et seq., for damages, wages and maintenance and cure. The trial court found that none of the allegations of unseaworthiness or of negligence set forth in the libel was sustained by the evidence and denied recovery of damages but allowed recovery from the United States of wages to the end of the voyage, and maintenance and cure to August 28, 1946. The libel was dismissed as to Moore-McCormack Lines, Inc.

As to the denial of recovery of damages we think the trial court should be affirmed on the authority of Vileski v. Pacific-Atlantic S.S. Co., 9 Cir., 163 F.2d 553. The facts of that case are very similar to the facts in the case at bar. Here, as in the cited case, the testimony, all of which was given orally at the trial, amply supports the court's finding that the appellant failed to maintain the burden of proof of negligence.

■ Appellant contends that he was entitled to recover double wages under the provisions of 46 U.S.C.A. § 596[2] from respondent Moore-McCormack Lines. His pay was withheld "without sufficient cause", he maintains, by representatives of the general agent who demanded that he execute a release in full of all liability as a condition precedent to payment. The Supreme Court has recently held, however, that a general agent acting under standard form GAA 4-4-42 is not liable to a member of the crew for wages. Fink v. Shepard Steamship Co. and Gaynor v. Agwilines, Inc., 337 U.S. 810, page 813 to 815, 69 S.Ct. 1330. Moreover, the appellant was paid his earned wages in full when he left the ship in Japan. He was then discharged within the meaning of the statute. See The Lake Gaither, 4 Cir., 40 F.2d 31. The statutory requirement of prompt payment arises on discharge of the seaman or discharge of the cargo, whichever first occurs. In the present case discharge of the seaman occurred first and the requirement was met by prompt payment of earned wages in Japan. Failure to pay promptly subsequently accrued wages at the conclusion of the ship's voyage would not justify exaction of double wages. Yoffe v. Calmar S.S. Corporation, D.C., 23 F.Supp. 629. See Halvorsen v. United States, D.C., 284 F. 285.

1. 46 C.F.R.Cum.Supp. Sec. 306.44.

2. In pertinent part, the section reads as follows: "The master or owner of any vessel * * * shall pay to every seaman his wages * * * in case of vessels making foreign voyages, * * * within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens;

* * *. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court; * * *."

Appellant also contends that his maintenance allowance should have been continued to December 15, 1946 when he was first reemployed after his injury. As the result of an old fracture, aggravated, to what extent we need not determine, by the injury involved in the present case, appellant suffered permanent impairment of his right hip joint. There is evidence in the record to justify the conclusion that improvement in his condition had ceased and his disability had become fixed on August 28, 1946. The trial court did not err in discontinuing maintenance and cure as of that date as liability therefor does not extend beyond the time when the maximum possible restoration has been accomplished. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707.

Decree affirmed.