From the foregoing it follows, it is the opinion of the court that the appeal in this cause should be, and same is hereby dismissed.

HALE, J., not participating.

LUMBERMEN'S INSURANCE CORPO-RATION, Appellant,

v.

Millard H. JONES, Appellee.

No. 15883.

Court of Civil Appeals of Texas.

Fort Worth.

March 14, 1958.

Rehearing Denied April 11, 1958.

Bondies & Flahive, Austin, Jones, Parish & Fillmore, and Thomas B. Warren, Wichita Falls, for appellant.

Peery & Wilson and Tom D. Glazner, Wichita Falls, for appellee.

BOYD, Justice.

This is a Workmen's Compensation case. Millard H. Jones recovered judgment for compensation for total and permanent disability, payable in a lump sum. Lumbermen's Insurance Corporation, the insurer, appeals.

In its first group of points appellant questions the jurisdiction of the trial court, the contention being that appellee prosecuted a claim before the Industrial Accident Board alleging that Charles B. Davis, Jr., was his employer, and tried his case in the district court under a trial amendment alleging that the employer was Charles B. Davis, Sr., and a second trial amendment listing the employer as Charles B. Davis, Sr., or, in the alternative, Charles B. Davis, Jr.

Appellee was injured on July 27, 1956, and the employer's first report of injury was written on July 29, 1956, and was filed with the Industrial Accident Board on July 30, 1956. It listed Charles B. Davis as the employer and appellant as the insurer. The Board gave this report its number P-59787. Appellant paid to appellee weekly compensation for eleven weeks, the payments being discontinued prior to a hearing before the Board.

In his claim for compensation filed with the Board appellee designated Charles B. Davis as his employer. The Board assigned to the claim its number P-59787. After the claim was filed, someone without authority from appellee wrote in pencil or ink the letters "Jr." after the name of Charles B. Davis, which had been typewritten. The Board's award designated Millard H. Jones as claimant, Charles B. Davis, Jr., as employer, and Lumbermen's Insurance Corporation as insurer. The award bore the number P-59787.

In his original petition in the district court appellee alleged that his employer was Charles B. Davis, Jr., and that appellant was the insurer. During the trial it was stipulated that Charles B. Davis, Sr., was the employer.

Charles B. Davis, Jr., was not a subscriber, but Charles B. Davis, Sr., was a

subscriber and appellant was his compensation insurer.

In his original petition appellee alleged:

"Prior to the above stated date, the defendant insurance corporation issued to the Plaintiff's employer a policy of workmen's compensation insurance and received premiums for that policy. All premiums on that policy were paid and that policy was in full force and effect on the date that the Plaintiff received his disabling injuries.

"That policy of insurance was issued for the benefit of this Plaintiff, and provided for the payment of certain benefits to this Plaintiff in the event he was injured while carrying on his employer's business, either on the company premises or elsewhere. The Defendant is hereby given notice to produce that policy of insurance on the trial of this case, or secondary evidence will be offered to prove the existence and terms of the policy.

\* \* \* \* \* \*

"Plaintiff alleges that he has complied with all the jurisdictional requisites necessary to perfect this suit, as set forth in the appendix attached hereto, which is marked Exhibit 'A' and which is made a part of this pleading the same as if duly incorporated herein."

Appellant went to trial on a general denial.

Appellee contends that under Rule 93, subd. (n), Texas Rules of Civil Procedure, his pleading of the jurisdictional facts must be taken as true when his allegations are not denied under oath.

Appellee sued on the identical injury mentioned in his claim filed with the Board. Apparently, appellant recognized its liability to appellee and paid his compensation for eleven weeks.

■ In Security Union Ins. Co. v. Gullett, Tex.Civ.App., 36 S.W.2d 1085, it was held that a variance between the pleading and the proof is never material in the absence of surprise. To the same effect are the holdings in Sealy Cotton Co. v. Gustafson & Spencer, Tex.Civ.App., 258 S.W. 911; Federal Surety Co. v. Ragle, Tex.Civ.App., 25 S.W.2d 898, and Consolidated Underwriters v. Lee, Tex.Civ.App., 107 S.W.2d 482.

Appellant's next group of points complains of the action of the trial court in refusing to allow it to file a sworn pleading denying the jurisdictional allegations in the trial amendments filed by appellee. Specifically, it argues that it was cited to defend a suit for compensation for injury which appellee alleged he suffered while in the employment of Charles B. Davis, Jr.; that after it was stipulated that the employer was Charles B. Davis, Sr., and especially after appellant in its second trial amendment alleged in the alternative that his employer was Charles B. Davis, Sr., or Charles B. Davis, Jr., appellant had the right to file a sworn denial that Charles B. Davis, Jr., or Charles B. Davis, Sr., was the employer, notwithstanding Rule 93, subd. (n), which provides that such sworn denials must be filed at least seven days before trial day. Appellant argues very plausibly that it should not be required to deny an allegation seven days before it is made.

■ It was unnecessary for appellant to prove that Charles B. Davis, Jr., was not the employer because it was stipulated that the employer was Charles B. Davis, Sr. After such stipulation, appellant surely would not deny that Charles B. Davis, Sr., was the employer, and it was not error to refuse permission to do so.

Appellant complains of the issues submitted to the jury as to whether Charles B. Davis was the employer. At that stage of the proceedings, the only allegations about the identity of the employer were that he was Charles B. Davis, Sr., or, in the alternative, Charles B. Davis, Jr. The jury answered that Charles B. Davis was appellee's employer. We think appellant's contention may be disposed of by saying that the state of the record was such that

there was no issue to go to the jury as to the name of the employer. After the parties stipulated that he was Charles B. Davis, Sr., that issue was removed from the case. We are unable to say that Charles B. Davis, Sr., would not be correctly designated by calling him Charles B. Davis. In any event, the case which was tried in the district court involved the identical injury for which appellee originally claimed compensation. It was the identical injury for which appellant paid compensation before the Board hearing. It was the same injury of which Charles B. Davis, claiming to be appellee's employer, gave notice to the Board two days after the injury occurred. In the absence of any showing that appellant was prejudiced by the court's allowing appellee to proceed with the trial of the case under the pleadings and stipulation, we do not think that error is shown.

Appellee testified that he had given written permission for an operation, but the operation was not performed because Dr. Van Deventer "give me a myelogram and couldn't get the fluid out, was the reason why he didn't operate." In answering the question, to which appellant objected, "Do you know of any reason why Mr. Jones, who had signed permission to have surgery, why it was never done?" appellee's wife testified, "The doctor told us it was because the insurance company refused to pay for the operation."

■ Appellant insists that Mrs. Jones' testimony was prejudicial and that the court erred in refusing to allow appellant to cross-examine her with reference to the reason why the operation was not performed, since her testimony was opposed to that of appellee and was so prejudicial that appellant "should have been given the right to clear up such testimony."

The only question asked Mrs. Jones by appellant to which an objection was sustained was, "You do recall, do you not, that in your presence, he testified the reason the operation wasn't done was because the fluid was not taken out?" The objection

was that the record was the best evidence as to what appellee had testified.

Appellant cites American General Ins. Co. v. Jones, 152 Tex. 99, 255 S.W.2d 502; Highway Ins. Underwriters v. Spradlin, Tex.Civ.App., 190 S.W.2d 181; Traders & General Insurance Company v. Wheeler, Tex.Civ.App., 271 S.W.2d 679; Texas Employers' Insurance Association v. Chunn, Tex.Civ.App., 274 S.W.2d 939, and Broomfield v. Texas General Indemnity Co., 5 Cir., 201 F.2d 746, to show that the admission of Mrs. Jones' testimony was reversible error. We do not think the cases cited support the proposition. In each of them the hearsay testimony was upon a vital issue in the case, such as scope of employment or the existence of any injury at all. Here Mrs. Jones' apparently unresponsive answer was not on a controlling issue, if on an issue at all. Under Rule 434, T.R.C.P., we do not think reversible error is shown by these points.

■ We see no error reflected by appellant's sixth and thirteenth points, asserting that appellant was denied the right to cross-examine appellee about his prior marriages. Appellant says that it had a right to show that appellee's testimony was false and thereby impeach his credibility, especially since, it says, the jury's finding of total and permanent disability was supported only by appellee's testimony. The court allowed a rather full cross-examination, and we do not think appellant's right was unduly restricted.

The ninth point is that it was error to refuse appellant the opportunity to inquire of appellee whether he had custody of his minor children. Here again we think the opportunity was afforded appellant. Appellee has minor children by a prior marriage, and he said he occasionally gave them something of value; but in his claim for a lump sum settlement he did not contend that his obligation to support such children affected his condition of hardship. The only children whose support appellee contended affected the issue of lump sum were

his two stepchildren, nine and fourteen years of age, who lived in his home. Their mother is appellee's present wife. Appellee said that he had not adopted them. He was cross-examined about his contribution, or lack of it, to the support of his own children; and the only question on the point to which an objection was sustained was whether appellant's first wife had custody of the children. However, appellant later asked appellee, "Was she awarded custody of the children?" to which appellee answered, "Yes." This time there was no objection. The point is overruled.

Finding no reversible error, the judgment is affirmed.