**TEXAS MENHADEN CO., Inc., Appellant,**

v.

**Jacob MALVEAUX, Appellee.**

**No. 7573.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 13, 1964.

Fuller & Fuller, Port Arthur, for appellant.

Fred J. Rafes, Waldman & Smallwood, Beaumont, for appellee.

DAVIS, Justice.

Appellee sued appellant under the Jones Act, 46 U.S.C.A. § 688, seeking to recover money benefits for injuries and damages sustained as the result of an accidental injury on August 1, 1959, while he was a seaman aboard a fishing vessel owned by the appellant. Appellee alleged that the injuries and damages sustained by him were the result of negligence on the part of the appellant in failing to furnish a sufficient number of crew members to drag in the fishing nets, and/or the rough seas, and/or unseaworthiness of the vessel involved.

Trial was to a jury. The jury answered the special issues that the appellee sustained

his injuries and damages while pulling in the fishing nets aboard the appellant's fishing vessel; that the sea was rough; the appellant failed to provide a sufficient number of crew members to assist appellee in pulling in the fishing nets on the occasion in question; the date appellee reached his maximum recovery beyond which his condition could not be improved was May 1, 1961; the reasonable daily allowance for the maintenance and care of appellee was $4.00 per day from August 1, 1959 to May 1, 1961; and, the damages sustained by the appellee were $4,500.00. Judgment was entered for appellee. Appellant has perfected its appeal and brings forward nine points of error.

■ By its points 1 through 6, appellant says the trial court erred in submitting certain special issues to the jury because there was no evidence, or insufficient evidence to submit such issues. The point complained about most was the issue as to the number of men that were provided for pulling in the fishing nets. According to the evidence, there was a full crew aboard the ship, but at the time of the injury, there were supposed to be 5 men pulling in the fishing nets. Instead, there were only 4. Three of the men were pulling in the corks, one of which should have been helping with the nets. Appellee was engaged in a most strenuous job of pulling in the fishing nets when he injured his back. The evidence is fully sufficient to support the submission of such issue, and there is not a substantial variance between the pleadings and the evidence. 46 T.J.2d 166, Sec. 271; 2 McDonald, Texas Civil Practice 490, Sec. 5.07; Glens Falls Ins. Co. v. Vetrano, 347 S.W.2d 769, Tex.Civ.App., N.W.H.; Lumbermen's Ins. Corp. v. Jones, Tex.Civ.App., 311 S.W. 2d 873, W.R.,N.R.E. The points are overruled.

■ By its point No. 7, appellant says the trial court erred in submitting Special Issue No. 12, which inquired about the period of time during which the appellee would be benefited by medical treatment.

According to the evidence, appellee was injured on August 1, 1959. Without detailing the evidence, he was carried to a doctor in Port Arthur. He was hospitalized for about eight days. He was released, but was re-hospitalized on September 8, 1959, for a period of about two weeks. There is no doubt but what the man had a serious injury and he needed medical treatment. He was placed in traction and was given drugs to relieve the pain. After leaving the hospital he continued to return for treatment until the doctor was informed that he was going to sue, and he refused to treat him any more. According to the evidence, appellee was very poor and had no mode of transportation. He lived in Corpus Christi, and had no money for pay for treatments. He later went to see a physician in Beaumont who treated him every time he came, and he testified that certain periodical treatments would be beneficial to him, but he did not receive them. There is medical evidence that he should receive these treatments for a minimum of eighteen months. There was other evidence that he was still suffering as a result of the injury. There was nothing wrong with submitting the special issue or the jury's finding thereon. Norris, on the "Law of Seamen", 2nd Edition, p. 629, Sec. 650, set out the applicable rule covering the situation as follows:

"The rule is well settled that the seaman's right to maintenance and cure extends beyond the end of the voyage and for a reasonable time thereafter until the point where the maximum possible cure has been attained."

Although the appellee did not receive the medical treatment that was advised, if he had been able to secure them he could have reached the maximum cure within the time as found by the jury. When an injured seaman has attained his maximum possible cure has been considered and defined in several cases. Page v. United States, 9 Cir., 177 F.2d 601; The Point Fermin, 5 Cir., 70 F.2d 602; Premeaux v. Socony-Vacuum Oil Co., 144 Tex. 558, 192 S.W.2d 138. The point is overruled.

148

Appellee did not brief his points 8 and 9, and they have been waived. Be that as it may, we have considered them and found them to be without any merit, and they are overruled.

The judgment of the trial court is affirmed.