## Case No. 10,314.

### The NORTH AMERICA.

[5 Ben. 486.] [1]

District Court, E. D. New York. Jan., 1872.

SEAMAN'S WAGES — FIREMAN — INJURY ON BOARD SHIP—MEDICAL TREATMENT ON SHORE.

1. A seaman injured while in the service of the ship. is entitled to medical treatment at the expense of the ship.

[Cited in Longstreet v. The R. R. Springer, 4 Fed. 672.]

[Cited in Scarff v. Metcalf, 107 N. Y. 216, 13 N. E. 797.]

2. A fireman on board a steamer is a seaman.

3. A fireman shipped for a voyage from New York to Rio Janeiro and back. When a few days out from New York, he injured one of his arms, while in the discharge of his duty, so as to be unable to work. When the ship arrived at St. Thomas, he went to a hospital, and remained there under surgical treatment till the ship returned, when he went on board and came home, doing no work. He was sent to the hospital on the judgment of the officers of the ship, as well as his own. The ship paid his expenses at the hospital, without consulting him, and they amounted to more than his wages for the voyage. *Held*, that he was entitled to recover wages for the whole voyage.

[Cited in Longstreet v. The R. R. Springer, 4 Fed. 672.]

In admiralty.

James K. Hill, for libellant.

Geo. P. Andrews, for claimants.

BENEDICT, District Judge. This action is brought to recover wages for a voyage from New York to Rio Janeiro and back. The libellant was shipped as a fireman, and, when a few days out from New York, while in the discharge of his duty, was so injured in one of his arms as to be unable to work. Upon the arrival of the steamer at St. Thomas, on the voyage out, he went ashore to a hospital, and there remained under surgical treatment until the steamer touched again on the voyage home, when he went on board and came home, doing no duty however, and being still unable to do any, because his arm was not

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

yet entirely well. He claims in this action wages for the whole voyage.

On the part of the steamer it is contended, that there was a medicine chest on board, and that a competent doctor was attached to the ship, and that the libellant could have been properly and cheaply treated on board the ship, but that he demanded to be sent to the hospital at St. Thomas, and was sent there upon his demand alone; that his expenses at the hospital were paid by the steamer, and amounted to more than his wages for the whole voyage, wherefore her owners insist that they are not liable to him for any sum whatever.

The maritime law, as declared ages ago (Laws of Oleron), and as still declared (Pars. Mar. Law), casts upon every ship-owner the obligation to provide suitable care, medicines, and medical treatment, including nursing, diet and lodging, for any seaman who becomes sick, wounded or maimed in the service of the ship. And the rule applies to the case of this libellant, who, although a fireman, is a seaman within the meaning of the rule. Whether in any case this obligation can be properly discharged, by retaining the seaman on board the vessel, depends upon the facts of the particular case.

In the present instance, if it be true that the doctor attached to the ship could have properly treated the case of the libellant on board the ship, I think the small attention which the wound received, and the condition in which the arm remained up to the time of the arrival of the steamer at St. Thomas, being very painful and doing badly—the fact, that in reality the bones were broken, although not discovered to be so by the ship's doctor—the fact that the man was of no use on board, but the contrary, and the evidence of the conversations of the officers and of the man warrant the conclusion that the libellant went to the hospital, as much upon the judgment of the officers of the ship as upon his own, and for the convenience of the ship. At the time the libellant went to the hospital, no suggestion was made to him that he could be cured on board, or that the expenses of the hospital would be charged to him. He was received at the hospital as a ship's patient, on the understanding that he was there at the expense of the ship, and the hospital charges were paid by the ship without consulting him. The circumstances indicate that, in the opinion of the officers of the ship, the obligation of the ship to the libellant, in respect to his cure, could not, in this instance, be properly discharged by keeping him on board. Indeed, I should feel unwilling in any case to charge a seaman with hospital expenses ashore, incurred in curing an injury sustained in the discharge of his duty, unless it be made to appear that in a case where the seaman could be properly treated on board, he went into hospital against the expressed judgment of the master of the ship, and with notice that he would be charged with the expenses incurred in the hospital.

In the present case, I am of the opinion that he cannot be charged with those expenses.

The act of 1790 (chapter 29; § 8 [1 Stat. 134]), if it has effect in any case to change the responsibilities of the ship as fixed by the maritime law (The George [Case No. 5,329]), has no effect here, as the present is a case where surgical aid, and not medicine, was necessary (Davis, J., 1 Sumn. Append. p. 595).

The libellant is accordingly entitled to a decree for wages during the voyage, at the rate of wages mentioned in the shipping articles.