LONGSTREET *v.* STEAM-BOAT R. R. SPRINGER.*

*(District Court, S. D. Ohio.* December 2, 1880.)

1. SEAMEN—IMPLIED CONTRACT FOR TRIP.—In the absence of an express agreement, the law will imply that the employment of a seaman upon a steam-boat is for the trip which she is then engaged in.

2. RIGHTS OF INJURED SEAMEN.—A seaman who, without his fault, is injured in the service of the boat, is entitled to his full wages for the trip or other period of service which he had then entered upon, and to be cured at the expense of the boat.

In Admiralty. Hearing on libel, answer and testimony.

The libel alleged that on December 13, 1879, the master engaged the libellant as fireman on the Springer for the trip from Cincinnati to New Orleans and return, at the wages of $35 per month; that he entered upon his duties as such fireman, and that on December 17, 1879, while in the performance of the same, he was directed by said master to disengage a tree that had caught in one of the wheels of said steam-boat, and while occupied in disengaging said tree, without any fault or negligence on his part, his arm was caught between said tree and wheel, and crushed and bruised so that he was wholly disabled for the remainder of said trip; that said trip lasted 32 days, for which he claimed full wages; that he was put to expense for medical attendance and supplies and subsistence to the amount of $50; for all of which he prayed the decree of the court.

The answer denied all of the above-mentioned allegations except the mere fact of injury, and averred that the same had been caused solely by libellant's negligence.

*Bateman & Harper*, for libellant.

*Matthews, Ramsey & Matthews*, for claimants.

SWING, D. J. The evidence, I believe, establishes an employment for a month. But even if the fact was otherwise, and there was no express agreement as to the length of the employment, the law would imply that it was for the trip. *Worth* v. *Steam-boat Lioness No. 2*, 3 Fed. Rep. 922; *Jansen*

*Reported by Florien Giauque and J. C. Harper, of the Cincinnati bar.

v. *The Heinrich*, Crabbe, 226. The trip having occupied a month, it makes no difference which way it is treated.

As to the question of injury: The libellant was directed by the captain, or some other superior officer of the boat, to remove the obstruction from the wheel. It was a perilous undertaking; he used all ordinary care, but was injured. I understand the law to be that where a seaman is injured in the service of the boat, without any fault on his part, he is entitled to recover his full wages for the trip or period for which he was employed, and the expense incurred in his cure. *Neilson* v. *The Laura*, 2 Sawy. 242; *The North America*, 5 Ben. 486; *Morgan* v. *The Ben Flint*, 6 Am. Law Reg. (N. S.) 707; S. C. 1 Abb. U. S. 126; *Sims* v. *Jackson*, 1 Wash. 414; *The Nimrod*, Ware, 1, 9; *The Forest*, Id. 420; *Harden* v. *Gordon*, 2 Mass. 541; *Reed* v. *Canfield*, 1 Sumn. 195. This is a well-established doctrine of admiralty law; and, the libellant having brought himself within the rule, he is entitled to recover.

There is no dispute as to the fact that the libellant was severely injured, and, in consequence thereof, unable to perform his duties as fireman during the remainder of the trip. The evidence shows that he was to receive $35 per month; that the expense of medical attendance amounted to $15, and of ice, medicines, and other supplies furnished during sickness, $10; in all, $60; and a decree will accordingly be entered for that amount.