PRIEST *v.* GLENN.

GLENN *v.* PRIEST.

*(Circuit Court of Appeals, Eighth Circuit. June 13, 1892.)*

Nos. 81, 82.

**1. CORPORATIONS—ACTION FOR ASSESSMENTS—RES JUDICATA.**
  In an action to recover an assessment on the stock of a corporation, a decision that the cause of action was barred by limitation is no bar to a subsequent action between the same parties to recover a subsequent assessment.

**2. SAME—LIMITATIONS—RUNNING OF STATUTE.**
  The Missouri statute of limitations, requiring the presentation of claims against the estates of deceased persons within two years from the publication of notice of the appointment of an executor or administrator, does not begin to run in favor of the estate in respect to unpaid subscriptions to the stock of a corporation until a cause of action is created by a call for such subscription.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action by John Glenn, trustee of the National Express & Transportation Company, against John G. Priest, as executor of Daniel G. Taylor,

deceased, to recover the second assessment on the stock of the said corporation. In a prior action to recover the first call, the court held that the suit was barred by the statute of limitation. See 23 Fed. Rep. 695, and 24 Fed. Rep. 536. In the present case judgment was rendered for plaintiff, allowing interest from the date of suit. 47 Fed. Rep. 472. Subsequently a motion for a new trial was denied. 48 Fed. Rep. 19. Both parties bring error. Affirmed.

*W. H. Clopton*, for plaintiff in error, Priest.

*T. K. Skinker*, for defendant in error, Glenn.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. Upon the face of the record in this cause it appears that John G. Priest, plaintiff in error, was duly appointed executor of the last will of Daniel G. Taylor, deceased, on the 14th of October, 1878, and notice of such appointment was given as required by the statutes of Missouri; that the present action against said executor was brought in the United States circuit court for the eastern district of Missouri on the 16th day of March, 1888, by John Glenn, trustee, for the purpose of enforcing against the estate of said Daniel G. Taylor the collection of an assessment of 50 per cent. made upon the capital stock of the National Express & Transportation Company, by virtue of a decree entered by the circuit court of Henrico county, Va., on the 26th day of March, 1886, under the circumstances set forth in detail in the opinion filed by this court in *Liggett* v. *Glenn*, 51 Fed. Rep. 381, (at the present term,) it being claimed that said Daniel G. Taylor had subscribed for 50 shares, of $100 each, of the capital stock of said corporation. Nearly all the errors assigned in this cause are identical with those presented in the cases of *Liggett* v. *Glenn, supra; Priest* v. *Glenn*, 51 Fed. Rep. 400, and *Dorsheimer* v. *Glenn*, Id. 404, (decided at the present term,) and the rulings made in those cases decide all the questions, save two, presented by the record in this cause.

It appears that in September, 1884, the defendant in error brought a suit in equity in the United States circuit court for the eastern district of Missouri against the present plaintiff in error, to enforce payment of an assessment for 30 per cent. made by the chancery court of the city of Richmond, upon the capital stock of the National Express & Transportation Company, under date of December 14, 1880, upon the same subscription to the capital stock of the company made by Daniel G. Taylor, which forms the basis of the present action. Upon demurrer to the bill, the court held that the statute of the state of Missouri was a bar to the suit, and dismissed the bill. The judgment of the court in that case remains in force, no appeal having been taken therefrom. By the subsequent ruling of the supreme court of the United States in *Hawkins* v. *Glenn*, 131 U. S. 319, 9 Sup. Ct. Rep. 739, it appears that the view taken of the law by the circuit court, and upon which was based the judgment dismissing the bill, was erroneous.

On the trial of this cause, the plaintiff asked leave to file an amendment to the answer, pleading the judgment in the former case as a bar to the present action, it being admitted that the judgment in that case was based solely on the statute of limitations. The court below refused the motion for leave to amend, and this action of the court is assigned as error.

In our judgment, the proceedings had in the former case for the recovery of the first call made for 30 per cent. upon the stock are not a bar to the present action. The judgment, though it now appears to have been based upon an erroneous view of the law applicable to the case, is nevertheless a valid judgment, and concludes the trustee as to the assessment which formed the subject-matter of that suit. It does not, however, settle the rights of the parties growing out of the subsequent call upon the stock for 50 per cent. The bill filed in that case averred that Taylor had subscribed to the capital stock of the company, and that as a stockholder he was liable for the unpaid portions of the stock. The demurrer filed to the bill admitted the facts charged. If in that case an issue of fact had been tendered upon the question whether Taylor had subscribed for the stock or other like matter, which, if found in favor of Taylor, would show that he never had been a stockholder, and hence would not be liable for any calls made upon the stock, it might well be that an adjudication on such an issue would bar the right of the trustee to again assert that he was a stockholder and liable to respond as such to other calls upon the stock. No such issue, however, was presented or determined on the demurrer to the bill. All that was held in support of the demurrer was that the trustee had slept upon his right to enforce the call for 30 per cent. made in December, 1880, for such a length of time that the bar of the Missouri statute was available to the defendant. The present action is not based upon the call of December, 1880, but upon that made in March, 1886, which, it will be noted, was nearly a year after the decision was rendered in the equity case based upon the 30 per cent. call.

It is well settled that a right of action against the stockholder does not arise until a lawful call has been made, and it would certainly be a curious ruling to hold that an adjudication to the effect that a call made in 1880 was barred by lapse of time was an adjudication on the right to recover a call made in 1886. It might as well be claimed that a judgment in favor of defendant in the suit upon the first assessment upon a plea of payment would be an adjudication barring the right to recover on the second assessment. Suppose Taylor had given two promissory notes in payment of property purchased, one coming due in December, 1880, and the other in March, 1886. To a suit on the first note a plea of the statute of limitations is interposed and sustained. After the maturity of the second note an action is brought thereon. Could the judgment in the case to recover on the first note be pleaded in bar of the second action? Clearly not. The causes of action would be different, and the record would not show any ground of estoppel. If in the suit upon the

first note an issue had been made and determined which proved that the contract of purchase was void, so that the notes were without consideration and not binding upon the maker, such determination and judgment might be pleaded in bar or by way of estoppel to an action on the second note, because the issue would be identical. In the supposed case the point adjudicated would be the invalidity of the contract of purchase, and consequent voidability of the notes based thereon. If, however, the issue made in the action on the first note was that the time elapsing since a cause of action had arisen thereon was such that under the statute no action thereon could be maintained, it is apparent that the issue made and point decided in that case could not be involved in the suit upon the second note, because the latter did not become due for years after the maturity of the second note. When the call for 30 per cent. made in December, 1880, became due and payable, that matured the liability of the stockholders for the amount each one would owe upon the shares held by him, in such sense that a right of action then accrued to the corporation or the trustee which was enforceable in a court of law. That fact started the running of the statute of limitations against the right of action then accruing, but not against assessments not then made. The statute runs against the right to enforce calls made, but not against the right to make calls for the unpaid portions of the stock when need therefor may arise.

In our judgment, the trial court rightly refused leave to amend the answer in this case by setting up as a bar the adjudication in the action to recover the 30 per cent. assessment, for the reason that the same is not in any sense an adjudication upon the right to recover the subsequent assessment made in 1886. The second point made in argument of counsel for plaintiff in error is that the statute of Missouri requiring the presentation of claims against estates of deceased persons within two years of the publication of notice of the appointment of the executor or administrator bars recovery in their cause.

This action was brought within two years after the cause of action was created by the assessment made in March, 1886, and, according to the construction placed upon this statute by the supreme court of Missouri, the two-year period does not begin to run until the right of action has accrued. *Miller v. Woodward,* 8 Mo. 169; *Jameson v. Jameson,* 72 Mo. 640; *Tenny v. Lasley,* 80 Mo. 668. The bar of the statute had not, therefore, become complete when the action was commenced. The judgment of the trial court is therefore affirmed, not only upon the questions presented on the record submitted on behalf of the defendant below, but also upon the question of the time when interest became due presented upon the record filed by the plaintiff below. See *Liggett v. Glenn,* 51 Fed. Rep. 381.

Affirmed.