OLSEN v. WHITNEY et al.

(District Court, N. D. California.  May 31, 1901.)

No. 12,356.

1. SEAMEN—WAGES—INJURY WHILE IN SERVICE.

A seaman shipping for a fishing voyage on a lay, who is incapacitated by an injury received while in the service of the ship, without gross negligence or misconduct on his part, is entitled to recover the same wages he would have received had he remained in the service until the end of the voyage.

2. JUDGMENT—MATTERS CONCLUDED—SEPARATE CAUSES OF ACTION.

A judgment in an action brought by a seaman injured while on a voyage, to recover damages from the owners of the vessel for the negligence of the master in failing to take him to the nearest port, where he could have proper care and medical attention, is not a bar to a subsequent action by such seaman to recover his wages for the voyage. While the claim for wages might have been joined in the first suit, it constituted a separate cause of action, which the libelant had the right to prosecute separately.

In Admiralty.  Suit by seaman to recover wages.

H. Digby Johnston, for libelant.

Myrick & Deering, for defendants.

DE HAVEN, District Judge.  It is alleged in the libel that libelant shipped as third mate on the schooner Uranus, April 3, 1899, for a cod-fishing voyage to the coast of Alaska, at wages depending on the catch at the rate of $27.50 per 1,000 codfish caught by him, and in pursuance of such contract entered into the service of the schooner on the following day, and so continued until April 16, 1899, when his leg was fractured while engaged at his work on the deck of said schooner; that by reason thereof "he was unable further to perform the duties of such seaman, and remained so unable until long after the schooner completed her voyage." The action is to recover the wages which would have been earned by the libelant if the voyage had been completed by him, calculated on the basis of the agreement under which he shipped.

1. It is a well-settled rule of the maritime law that a seaman injured in the service of his ship, without gross negligence or gross misconduct on his part, is entitled to full wages to the end of the voyage for which he shipped.  The City of Alexandria (D. C.) 17 Fed. 390; The Robert C. McQuillen (D. C.) 91 Fed. 688; The Gov-

ernor Ames (D. C.) 55 Fed. 327; Longstreet v. The R. R. Springer (D. C.) 4 Fed. 671; Neilson v. The Laura, 2 Sawy. 242, Fed. Cas. No. 10,092; Curt. Merch. Seam. p. 290.

2. The action is not barred by the judgment in the former action brought by the libelant against the schooner Uranus. That was an action to recover damages sustained by the libelant by reason of the fracturing of his leg on the voyage mentioned in the libel herein. The libel in that case charged that the injury received by libelant was caused by the negligence of the owners of the Uranus in sending her upon the voyage with insufficient tackle; and it was further charged that her master was guilty of negligence, after the accident, in not going into the nearest port, where libelant could have received proper surgical and medical care. The court found that the master of the Uranus was negligent as charged, and that by reason thereof the libelant had sustained damages in the sum of $1,000, for which judgment was rendered in his favor. The libelant did not seek in that action to recover the wages now sued for, and his right to recover the same was not in issue, and was not determined, by the court. It may be conceded that the claim to recover wages might have been joined in the former action with the claim for damages therein litigated, but the failure to make such joinder is not fatal to the right of libelant to recover at this time. The causes of action are essentially different, and the libelant had the right to prosecute them separately. Upon the general question of estoppel by judgment, see Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195. The libelant is entitled to recover, and, unless the parties agree within 10 days upon the amount of wages which would have been earned by him, the cause will stand referred to Commissioner Morse to ascertain and report the amount, with interest from the date of the filing of the libel; the libelant to recover costs.