### T. B. WOOD'S SONS CO. v. VALLEY IRON WORKS.

(District Court, M. D. Pennsylvania  September 23, 1912.)

No. 120, In Equity.

PATENTS (§ 327\*)—SUIT FOR INFRINGEMENT—CONCLUSIVENESS OF JUDGMENT.

Where, pending a prior suit for infringement of a patent between the same parties, defendant began constructing and using a different device from that involved in such suit with complainant's knowledge, complainant was not bound to then urge infringement by such new device in such action by supplemental bill, though it might have done so, and the judgment in that suit was no bar to plaintiff's right to sue thereafter for infringement of the subsequent device.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.\*]

In Equity. Suit by the T. B. Wood's Sons Company against the Valley Iron Works, for infringement of a patent. On motion to dismiss. Denied.

F. B. Brock, of New York City, for the motion.
Prindle & Wright, of New York City, opposed.

WITMER, District Judge. The defendant, by his motion, seeks to have the bill of complaint dismissed on the ground of an alleged estoppel arising from a previous suit between the parties. The former litigation began by a suit for infringement of the letters patent herein involved, but, it is said, upon an infringing construction differing from the one since devised, whereof complaint is here made. If this be true, the former suit, though between the same parties for infringement of the same patent, will not prevent the present suit, since the issue involved differs from the former. It is true that the infringing construction, forming the basis of the complaint, was to the complainant's knowledge made and sold by the defendant after bill filed and before decree, and therefore could have been brought into the other suit by supplemental bill, yet there was no obligation requiring the complainant to do so. The infringement here complained of raises a cause of action different and distinct from that litigated in the former action and gives rise to a separate cause of action, which may be the subject of a separate suit. "While a party can bring only a single suit for one individual cause of action, there is no rule which requires him to unite in one suit several independent causes of action. A party may bring against another as many separate actions as he has causes of action, and the fact that they might all be united in a single suit does not qualify his right." Priest v. Glenn, 51 Fed. 405, 2 C. C. A. 311; Olsen v. Whitney (D. C.) 109 Fed. 80.

As was said by Mr. Justice Fields, in Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195:

"The language, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. * * * But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted."

It is true that the validity of the patent was settled by the former suit, and, as well, the issue of infringement on facts regarding a certain constructed device then made and sold by the defendant, but whether a certain other device now made and sold by the defendant constitutes infringement of such patent was not then decided and could not be determined from the evidence submitted. Whether the changed device, differing from the one involved in the former suit, infringes the patent, is a mixed question of law and fact, which could not be decided in contempt proceedings, and ought not to be on an accounting. How, then, are the ends of justice to be met, if not by separate suit?

The motion to dismiss is denied.