Booth, Chief Justice,
delivered the opinion of the court:
This is a patent case now before the court on defendant’s plea asking for dismissal of the petition on the grounds of prior adjudication.
On June 16, 1921, William King Richardson, plaintiff in the present action, filed a suit in the Court of Claims, A-200, under the provisions of the Patent Act of June 25, 1910, as amended by the act of July 1,1918. In the petition in that case plaintiff alleged an infringement of his United States Patent #1141415 by unauthorized manufacture or use of certain ordnance projectiles by the War and Navy Departments.
The customary calls were made upon the War and Navy Departments, numerous drawings of shells were furnished *581 in response thereto, and the customary proofs were taken in the proceeding. On December 1, 1930, the court made special findings of fact and rendered an opinion (72 C.Cls. 51) and conclusion of law in which it was held that the patent was valid and not infringed and the plaintiff was not entitled to recover.
The court in its finding VIII specifically designated eight different types of defendant’s ordnance projectiles which plaintiff asserted infringed claim 3 of his patent. These eight different types of construction, which it is not necessary to specifically enumerate here, typified the various alleged infringed shell constructions upon which plaintiff took specific proof and which the court took under consideration in plaintiff’s prior case A-200.
The petition filed April 5, 1933, in the present suit and which involves the same plaintiff and the same patent, now asks recovery upon certain stream-line or boat-tail projectiles manufactured for or by the United States and used by the United States within the period of six years prior to the filing of the present petition and up to June 1,1932, the date of expiration of patent #1141415. Plaintiff alleges in his amended petition that these shells are of the same designated types as those previously considered in the former suit but have been so revised or changed in construction as to now come within the terms of his patent monopoly.
Two additional types of projectiles, a six-inch and a ten-inch shell, are also listed as alleged infringing constructions.
Plaintiff further alleges that he knew of these changed or altered constructions as early as the first part of the year of 1930, and while his suit A-200 was pending in the Court of Claims, but he was advised and believed that the accounting to be ordered in said suit would include the alleged infringing projectiles now complained of.
Defendant in its brief in support of the plea of prior adjudication, charges that there is no showing that the projectiles made the basis of the present petition are any different from the projectiles considered in the previous case A-200, and that no new projectiles have been manufactured since 1920 with the exception of a few made recently to experimentally test out the new process of manufacture.
*582 Defendant also urges that plaintiff having knowledge of these alleged changes of projectile designs during the pendency of the former proceeding, it was his duty to have submitted his entire charge of infringement in the prior case.
Defendant cites Hubbell v. United States, 171 U.S. 203, and Vapor Car Heating Co. v. Gold Car Heating & Lighting Co., 7 Fed. (2d) 284, as a basis for its contention of res adjudioata. Both of these cases, however, differ from the case at bar. In the Hubbell oase, sufra, not only were the parties the same and the patent in suit the same, but the alleged infringing structure was the same. The only difference between the prior suit and that dismissed on the grounds of res adjudioata was in the time or interval of the alleged infringing act.
In Vapor Car Heating Co. case, sufra, the second suit was brought upon a second patent, the alleged infringing structure being the same as in the former suit. The alleged infringing structure was a. vapor car-heating system and in the first suit the court had held that the vapor system was old. The questions involved in the second suit therefore, even though a second patent was involved, contemplated no different issues than those specifically decided in the first suit, and the second suit was dismissed on the ground of res adjudioata.
In the case at bar, however, plaintiff alleges in his petition a new infringing construction in that the previously considered infringing structures have been changed or altered. If this be true, the infringing act or acts, therefore, differ from those before the court in the former proceeding.
We can do no better than to quote from T. B. Wood's Sons Co. v. Valley Iron Works, 198 Fed., 869, which case is exactly similar to the present situation.
“ The defendant, by his motion, seeks to have the bill of complaint dismissed on the ground of an alleged estoppel arising from a previous suit between the parties. The former litigation began by a suit for infringment of the letters patent herein involved, but, it is said, upon an infringing construction differing from the one since devised, whereof complaint is here made. If this be true, the former suit, though between the same parties for infringement of the *583 same patent, will not prevent the present suit, since the issue involved differs from the former. It is true that the infringing construction, forming the basis of the complaint, was to the complainant’s knowledge made and sold by the defendant after bill filed and before decree, and therefore could have been brought into the other suit by supplemental bill, yet there was no obligation requiring the complainant to do so. The infringement here complained of raises a cause of action different and distinct from that litigated in the former action and gives rise to a separate cause of action, which may be the subject of a separate suit. ‘ While a party can bring only a single suit for one individual cause of action, there is no rule which requires him to unite in one suit several independent causes of action. A party may bring against another as many separate actions as he lxas causes of action, and the fact that they might all be united in a single suit does not qualify his right.’ Priest v. Glenn, 51 Fed. 405, 2 C.C.A. 311; Olsen v. Whitney (D.C.) 109 Fed. 80.
“As was said by Mr. Justice Fields, in Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195:
“ ‘ The language, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. * * * But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted.’
“ It is true that the validity of the patent was settled by the former suit, and, as well, the issue of infringement on facts regarding a certain constructed device then made and sold by the defendant, but whether a certain other device now made and sold by the defendant constitutes infringement of such patent was not then decided and could not be determined from the evidence submitted. Whether the changed device, differing from the one involved in the former suit, infringes the patent, is a mixed question of law and fact, which could not be decided in contempt proceedings, and ought not to be on an accounting. How, then, are the ends of justice to be met, if not by separate suit?
“ The motion to dismiss is denied.”
In the present circumstances, the defense of res acljudieata is one which, of necessity, requires proof. If the facts show that the shells manufactured for or by the Government or used by the Government during the period specified by the *584 present petition do not differ from those already given consideration in this case, the defense of res adjudicaba would be a proper one. In this connection not only do we have in mind the eight specific types of shells upon which proof has been taken and considered by the court, but we also have in mind all of those types of shells and projectiles of which plaintiff received detailed knowledge through calls issued by this court on motions of plaintiff. The fact that calls were issued and drawings furnished plaintiff upon many other types of shells than those specifically relied upon by him, is a clear implication that these various styles and types of shells did not infringe.
The plea to dismiss is overruled without prejudice.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and GeeeN, Judge, concur.