Williams, Judge,
delivered the opinion of the court:
On August 10, 1933, the plaintiff and the defendant entered into a contract, No. 32694, whereby the plaintiff was to deliver to the defendant 150,000 pounds of cotton wiping rags for the sum of $10,125.
*425 Within the time specified plaintiff delivered all the rags called for in the contract and upon delivery they were inspected and accepted by the defendant as coming within the contract requirements. In settlement with the plaintiff upon completion of the contract the defendant deducted and withheld the sum of $2,157.35, which amount the defendant claimed was then due from the plaintiff because of its alleged default in the performance of a former contract between plaintiff and the defendant, which contract ivas also for the delivery of cotton wiping rags. The plaintiff brings this suit for the recovery of the amount so withheld by defendant in settlement of contract no. 32694.
Plaintiff in the petition avers the making of contract no. 32694, its complete performance on the part of the plaintiff, and the deduction and withholding by defendant of $2,157.35 of the amount due plaintiff under the contract, which it is alleged was wrongfully done. The petition then sets out the making of the former contract, a copy of which is attached. In paragraph 6 of the petition it is averred that prior to a certain date plaintiff had delivered to defendant a large part of the rags called for in the former contract, and was prepared to complete the contract, but that on September 27, 1930, plaintiff tendered a car load of rags on the contract in accordance with the specifications thereof as to quality and condition, which rags were wrongfully rejected as not specification rags, the defendant wrongfully declaring them to contain an excessive amount of greasy, dirty, and inferior grade rags.
In paragraph 7 of the petition it is averred that on September 27, October 1, and October 7, 1930, plaintiff notified defendant in writing of the impossibility of submitting any other rags under the terms of the contract, and that it would deliver no further rags thereunder. It is then averred in paragraph 8 of the petition that plaintiff has been paid for all rags delivered under the former contract, and has delivered all the rags called for under the contract in suit and has been paid for the same, except for the amount set forth as being wrongfully deducted by the defendant.
*426 The defendant filed a general traverse to the petition. Proper practice under the rules of the court required the defendant to file a counterclaim[1] for the amount deducted and withheld in settlement of contract no. 32694, since that amount arose out of a transaction other than that sued upon. The defendant, however, did not do this, but filed a general traverse instead. Upon the trial of the case before a commissioner of the court, the defendant over plaintiff’s objections submitted evidence which clearly established the fact that the plaintiff had defaulted in the performance of the former contract and that the defendant had sustained damages in the amount of $2,157.35 because of such default. The plaintiff contends that because of the failure of the defendant to file a counterclaim as required by the rules of the court, the commissioner erroneously included this testimony in the record of the case and urges that it be excluded by the court in making its findings of fact upon which the rights of the parties are to be adjudicated.
The Supreme Court has repeatedly held that the forms of pleading in this court are not of so strict a character as to preclude a claimant from receiving what is justly due him upon the facts shown, although the facts may not have been precisely pleaded. United States v. Burns, 12 Wall. 245, 254; Clark v. United States, 95 U. S. 539, 546; United States v. Behan, 110 U. S. 338, 347; United States v. Carr, 132 U. S. 644, 655. The same rule has likewise been held applicable to the defendant and where the whole question is before the court a set-off or counterclaim, without any formal pleading therefor, may be allowed by way of *427 recoupment against any claimant who establishes his right to recover on a claim against the government, and where the petition discloses the whole of the defendant’s case the court will consider and dispose of the case as if a counterclaim had been filed. Florida Central & Peninsula R. R. Co. v. United States, 43 C. Cls. 572.
The requirement that set-off and counterclaim be especially pleaded is based on the idea that otherwise a plaintiff is not advised of the defense, the general issue plea not being broad enough to put him on notice of such defense. This salutary requirement, however, has been obviated in the present case by the fact that the defendant’s claim in respect to the deduction sought to be recovered is fully disclosed in the plaintiff’s petition. If a formal counterclaim had been filed by the defendant it would not have made the issues of the case more definite than they were already made in plaintiff’s petition which clearly and fully sets forth the defendant’s position.
The action being one to recover a balance due, alleged to have been unlawfully withheld, and plaintiff’s petition having fully stated the grounds upon which the defendant deducted and withheld such balance, it must be held that the petition and general traverse bring the whole question before the court. While the better practice would have been for the Government to file a formal pleading setting up a counterclaim, Florida Central & Peninsula R. R. Co. v. United States, supra, its failure to do so can not preclude it from receiving what is justly due it by way of recoupment against the plaintiff’s claim, the whole case having been brought before the court by plaintiff’s petition and the defendant’s general traverse thereto. The defendant’s testimony in respect to the deduction of $2,157.35 from the balance due plaintiff on contract no. 32694 was properly received by the commissioner of the court. Since this testimony clearly establishes the fact that plaintiff was indebted to the defendant in the amount of the balance retained, it follows plaintiff is not entitled to recover. The petition must be dismissed and it is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.

 Rules of the Court of Claims of the united States, effective March 10, 1936:
“21. If the defendant desires to plead any counterclaim, set-off, claim of damages, or other demand authorized by section 145 of the Judicial Code (U. S. Code, title 28, sec. 250), such pleas shall he filed by the Attorney General within 40 days after the filing of the petition, unless the court, for cause shown, shall extend the time. The defendant may without special plea ash for a reduction or extinguishment of the plaintiff’s demand by any matter arising out of the same transaction as that sued upon. Any matter by which the defendant asks for an affirmative judgment against the plaintiff shall be stated in a printed counterclaim with the same particularity with which the plaintiff is required to state his cause of action in the petition.
“22. Within 40 days after the filing of a set-off or counterclaim by the defendant the plaintiff or his attorney shall answer the same by replication under oath, unless the court extends the time.”