Booth, Chief Justice,
delivered the opinion of the Court:
This is a patent case in which plaintiff under Rule 38 (b) of procedure adopted by this Court December 14, 1937, has filed separate motions for a bill of particulars and for interrogatories. The rule reads as follows:
In any patent case, within 60 days from the filing of the general traverse (unless the time be otherwise extended by the Court) either party may file motions for interrogatories or bills of particular, or both, in order to prevent surprise and to suitably frame the issues to be met.
This rule was enacted by the Court under the authority given it by sec. 157 of the Judicial Code (U. S. Code, Title 28, sec. 263) to establish suitable rules of procedure.
A patent case is nearly always technical in character and requires a voluminous and extensive record and proceedings, and if any compensation is found to exist it is interest-bearing in character. The clear intent and purpose of Rule 38 (b) is therefore to expedite such proceedings, bring the procedure more into conformity with patent litigation in the district courts, and to save both time and expense on behalf of both the plaintiff and defendant.
Defendant has filed motions to strike both of the motions of plaintiff (a motion for a bill of particulars and a motion for interrogatories) and has also filed objections, and all these matters were presented to the Court on oral argument October 3,1938.
The procedural questions raised and the fundamental character of some of them which have been presented necessitate a comprehensive discussion in order to define the principles upon which expediting motions of this character will be allowed by this Court.
BILLS OK PARTICULARS
A bill of particular is an amplification or a more particularized outline of a pleading. When a declaration or a pleading is too general in its terms to permit the opposing party to proceed properly and expeditiously with its case, it may call for a more detailed statement and when such statement is furnished the same is to be construed as though it had been originally incorporated in the pleading.
*590 It has, however, been clearly established that it is not the office of a bill of particulars to supply allegations essential to make out a cause of action or a defense, nor can a party be required to set out in such a bill opinions, arguments, or evidence. See Universal Oil Products Co. v. Skelly Oil Co., 12 Fed. (2d) 271.
A bill of particulars relates to and must be limited solely to pleadings and not to evidential facts which are matters of either stipulation or proof.
The defendant has moved to strike plaintiff’s motion for bill of particulars on the fundamental ground that this Court’s Rule 38 (b) is “unauthorized and void” in that the allowance of a motion for a bill of particulars will circumvent the statutory conditions declared by Congress in the act which gives this Court patent jurisdiction. This argument is based on the theory that in the patent jurisdictional act of 1910 (36 Stat. 851) as amended by the act of July 1, 1918, U. S. Code, Title 35, Section 68; 40 Stat. 705, under which the petition in the present case is filed, Congress prescribed the forms of pleadings and the rules of practice to be observed in such suits when it specifically provided therein—
That in any such suit the United States may avail itself of any and all defenses, general or special, that might be pleaded by a defendant in an action for in-fringment, as set forth in Title LX of the Revised Statutes, or otherwise,
of which Title Section 4920 (35 U. S. C. A. 69) specifically states:
the defendant may plead the general issue, and having given notice in writing to the plaintiff or his attorney, thirty days before, may prove on trial * * *
the defenses therein set out.
The defendant urges that under such procedure the Government is only required to plead the general issue. A reading of the patent jurisdictional act, however, fails to disclose where Congress has specifically defined the form of pleadings or practice to be used. Congress merely specifies in the act of 1910 the various forms of defenses which may be availed of by the defendant by reference to section 4920, and in addition does not specifically limit such defenses *591 thereto as they are further qualified by the words “or otherwise.”
It is also noted that section 4920 specifies two separate actions, i. e., an action at law in which the general issue for pleading is to be subsequently followed by the 30-day notice, and an action in equity in which a defendant must set up its defenses upon a “like notice in the answer of the defendant.”
The Government’s contention would require a slavish adherence to the pleading of the general issue and would require plaintiff to prepare its prima facie case without any aid or enlightenment as to what issues would have to be met, with the exception of the 30-day notice provided.
The Supreme Court has repeatedly held that the Court of Claims in deciding the rights of claimants is not bound by any special rules of pleadings.
As was stated by this Court in the Morse Arms Manufacturing Company case, 16 C. Cls. 296, 301:
Proceedings are conducted here with a view to effecting substantial justice irrespective of technical forms.
And, again, in Brown v. The District of Columbia, 17 C. Cls. 303, 310:
The court * * * seeks to administer justice between the contending parties by forms the most simple and convenient, and to make all such interlocutory orders as will lead to the doing complete justice to all concerned, without prolonging litigation or subjecting either side of a controversy to unnecessary inconvenience and expense.
See also American Sanitary Rag Co., 84 C. Cls. 417, 426, and the Supreme Court opinions quoted therein.
Even though a general issue be pleaded and a general traverse be filed in a patent case, if a particular set of circumstances arises in a case which requires amplification of the pleadings by either party in order to expedite the proceedings, this Court has a sufficient flexibility of procedure ■ to grant a motion for a bill of particulars for this purpose.
Plaintiff’s counsel argues that the new rules of civil procedure for the district courts of the United States, which became effective September 16,1938, through an act of Congress, have a bearing on the present situation.
*592 These new rules, which abolish all differences of procedure as between suits of law and suits in equity, find their bases on the following act of June 19, 1934, 48 Stat. 1064:
Be it enacted * * * That the Supreme Court of the United States shall have the power to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant. They shall take effect six months after their promulgation, and thereafter all laws in conflict therewith shall he of no further force or effect.
Sec. 2. The court may at any time mite the general rules prescribed by it for cases in equity with those in actions at law so as to secure one form of civil action and procedure for both: Provided, however, That in such union of rules the right of trial by jury as at common law and declared by the seventh amendment to the Constitution shall be preserved to the parties inviolate. Such united rules shall not take effect until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session. [Italics ours.]
The portions of the above-quoted act which we have italicized are clearly indicative of the fact that section 4920 of the Kevised Statutes, so far as it specified the separate forms of action at law and in equity in patent cases, now stands superseded and rendered obsolete by the “Civil Action” specified by the new rules, and section 4920, which was originally directed to patent litigation in the district courts, now stands amended by statutory provision as far as those courts are concerned.
If defendant’s argument is assumed to be correct, that the Court of Claims must implicitly follow a certain form of pleading specified in section 4920, is this court to be denied the privilege of section 4920 in its amended form, which is directed to a simplified and expeditious procedure in which bills of particulars are now specifically included by virtue of civil procedure under Rule 12-C of the new civil procedure rules ? We do not think so.
*593 From the considerations outlined we feel that it is not only proper but the duty of this Court to allow a motion for a bill of particulars in a patent suit whenever the exigencies of a particular situation demand and it will result in the expedition and simplification of the trial of the case.
We next take up the various items moved for by plaintiff in the bill of particulars before us, and in this connection it is necessary to consider certain facts relative to the case at bar.
The present case is a patent suit filed by Hazen C. Pratt, the plaintiff and the inventor of an aeroplane landing mechanism, the invention of which resulted in letters patent #1,499,472. The petition in the present case was filed March 16, 1938, and alleges infringement by the Government of claims 1, 2, 3, 9, 12, 18, 14, 15, and 16 of this patent, the petition alleging certain infringing acts up to the time of the filing thereof.
Prior to the filing of the above-mentioned petition, Hazen C. Pratt, the same plaintiff, had previously filed a petition on August 8, 1927, amended December 27, 1927, alleging infringement by the Government of the same patent.
On February 8, 1937, the Court handed down its findings and opinion in the prior case (85 C. Cls. 1) in which it was held that the patent was valid and infringed as to Claims' 1, 2, 3, 9, 12, 13, 14, 15, and 16, the same claims enumerated in the subsequent petition which form the basis of the present suit.
On or about October 4, 1937, this Court entered an interlocutory judgment in the previous case, supra, that the claims of the patent were valid and had been infringed by the United States and that plaintiff was entitled to compensation as provided by law.
On or about November 22, 1937, the Supreme Court of the United States denied the defendant’s petition for certiorari (302 U. S. 750), and on December 6, 1937, that case was referred to a commissioner of this Court for the taking of testimony upon the question of reasonable and entire compensation.
It may be stated in summation that the patent and the claims involved in the present suit are the same that the *594 Court had held valid and infringed in the previous proceedings in which defendant’s petition for certiorari was denied, the only apparent distinctions between this case and the previous one having to do with the alleged infringing acts of defendant and the period of time in which they took place.
Paragraphs 1 and 2 relate directly to the situation just outlined and are as follows:
1. Will the defendant contend, on any ground or grounds, that the validity of the patent claims in suit herein is not res adjudícala, in this suit, and if so, specify each such ground fully and in detail?
2. Will the defendant deny the validity of any of the claims in suit herein, and, if so, specify fully and in detail each ground to be relied on for such denial?
What plaintiff evidently has in mind in connection with the two proposed questions is the doctrine set forth in T. B. Wood’s Sons Co. v. Valley Iron Works, 198 Fed. 869, in which it is stated:
The infringement here complained of raises a cause of action different and distinct from that litigated in the former action and gives rise to a separate cause of action, which may be the subject of a separate suit. “While a party can bring only a single suit for one individual cause of action, there is no rule which requires him to unite in one suit several independent causes of action. A party may bring against another as many separate actions as he has causes of action, and the fact that they might all be united in a single suit does not qualify his right.” Priest v. Glenn, 51 Fed. 405, 2 C. C. A. 311; Olsen v. Whitney (D. C.), 109 Fed. 80.
As was said by Mr. Justice Fields [Field], in Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195:
“The language, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. * * * But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted.”
*595 It is true that the validity of the patent was settled by the former suit, and, as well, the issue of infringement on facts regarding a certain constructed device then made and sold by the defendant, but whether a certain other device now made and sold by the defendant constitutes infringement of such patent was not then decided and could not be determined from the evidence submitted.
The defendant in answer to the present petition and under date of April 25, 1938, merely filed a general traverse denying each and every allegation claimed in the petition thereby leaving plaintiff entirely in the dark as to what issues would have to be met in plaintiff’s prima facie case.
In view of the circumstances of the present case which we have outlined, it is clear that considerable time and effort might be saved plaintiff if defendant made a more complete answer with respect to the validity of the patent in suit, and we, therefore, grant plaintiff’s motion for the bill of particulars as to paragraphs 1 and 2, reiterating, however, that it is not necessary in response thereto for the defendant to set forth any specific evidence, but merely to state ultimate facts. See Universal Oil Products Co. v. Skelly Oil Co., supra.
Paragraphs 3, 4, and 5 read as follows :
3. Will the defendant contend, on any ground or grounds, that any action has been taken on the claim by Congress or any department of the Government, and, if so, specify each such ground fully and in detail?
4. Will the defendant contend that there has been any assignment or transfer of the claim, or any part thereof, and, if so, specify each ground for such contention, fully and in detail?
5. Will the defendant contend that the plaintiff has been, at any time since the making of said invention, in the employment or service of the Government of the United States, and if so, describe fully and in detail the time, place, and character of such employment or service ?
The questions formulated in these three paragraphs may not relate solely to events which transpired prior to the filing of the petition in the former case, and, therefore, may or may not involve the question of estoppel or res adjudicata.
*596 It is also true that if plaintiff has presented any claim to Congress or any department of the Government, or if plaintiff has assigned or transferred the claim, or if plaintiff has been in the service of the Government since the making of the invention, these facts would all be within the knowledge of the plaintiff.
We therefore rule that while it is proper for defendant to indicate whether it will plead the three grounds specified in the above paragraphs, it is unnecessary to specify any detail as to time, place, or character of events relating to such contentions other than to state whether they are based on occurrences prior to or subsequent to August 8, 1927, the date of the petition in the earlier case. Such a statement would, we think, expedite proceedings.
Paragraphs 6 and 11 read as follows:
6. Will the defendant contend that it has not, within the period of six years next preceding the filing of the petition herein on March 16,1938, and within the United States, made, or caused to be made, or used airplane landing mechanism embodying the invention or inventions covered by claims 1, 2, 3, 9, 12, 13, and 14 in suit?
11. Will the defendant contend that it has not, within the period of six years next preceding the filing of the petition herein on March 16, 1938, and within the United States, used the method of landing airplanes covered by claims 15 and 16 in the suit ?
In order to answer these paragraphs it would be necessary for defendant to construe the invention as covered by the claims set forth therein and to apply such construed claims to each and every structure of this character made or used by the Government within the six-year period, and then to express an opinion on these matters. To do this is clearly beyond the scope of any pleading, and does not form any basis for a bill of particulars.
Paragraphs 6 and 11 are overruled.
Paragraphs 7 to 10 and 12 to 13, inclusive, clearly relate to and call in substance for alleged infringing structures or methods. Paragraph 7 is typical of this group and is as follows:
7. Will the defendant contend that it has not within the period of six years next preceding the filing of the petition herein on March 16, 1938, and within the
*597 United States, made, or caused to be made, or used airplane landing mechanism the same in all essential respects as that shown and described in drawing No. 3731 of the Bureau of Aeronautics of the Navy Department, forming defendant’s exhibit 12 in the suit co-pending between the parties herein in this Court, No. H-328, a photographic copy of which exhibit is hereto annexed?
The subject matter of these paragraphs relates to evi-dentiary matter pertaining to the alleged infringing act and therefore in our opinion should more properly form the basis for an interrogatory or call for information rather than a bill of particulars.
From a study of decisions it is apparent that considerable confusion has always existed as to the distinction between bills of particulars and interrogatories. A clear distinction is made in Walker on Patents (Deller’s Edition, 1937) Vol. four, p. 2847, in which it is stated
* * * Briefly it is that a request for a bill of particulars is a request for amplification of the general allegations in the adversary’s pleading which do not apprise of the nature of the claim or defense. On the other hand, interrogatories are a request for ultimate facts which will sustain the claims of the requesting party; not of the party furnishing the information.
In other words, the difference is twofold: First, the bill of particulars is an amplification of the pleading merely, while interrogatories are requests for eviden-tiary matter. Second, the. bill of particulars supplies information as to the case of the party furnishing them, whereas answers to interrogatories are for the case of the party requesting them.
Paragraphs 7 to 10 and 12 and 13 are accordingly overruled.
As to paragraphs 1, 2, 3, 4, and 5, which have been allowed, defendant is herewith granted a period of 60 days to respond thereto, unless it be shown to the court for a good and sufficient cause that such period should be extended.
INTERROGATORIES
The term “interrogatories,” as used in the present instance, may be defined as a question or a series of questions in writing for the purpose of eliciting information to aid *598 a party making out- bis case where an ascertainment of the facts either in support or defense thereof is difficult, thereby limiting the testimony necessary at the trial and simplifying the issues.
The statute which controls such procedure in this Court, so far as information is requested from defendant, is found in the Judicial Code, sec. 164, U. S. Code, Title 28, sec. 272, which is as follows:
The said court shall have power to call upon any of the departments for any information or papers it may deem necessary, and shall have the use of all recorded and printed reports made by the committees of each House of Congress, when deemed necessary in the prosecution of its business. But the head of any department may refuse and omit to comply with any call for information or papers when, in his opinion, such compliance would be injurious to the public interest.
With reference to this statute and in amplification thereof, we quote from Robinson v. United States, 50 C. Cls. 159, 167, as follows:
The statutory call for evidence in all cases in this court is probably more analogous to the bill of discovery as used in chancery than it is to the use of the subpoena duces tecum. The call is only intended to elicit the truth without wrong to the party examined. The Government is not required to answer questions or supply papers which on the grounds of public policy it' is entitled to resist. Official persons may refuse to disclose any matter of state the publication of which may be prejudicial to the community at large.
Any distinction between “a motion for an interrogatory” or “a motion for a call” under the above statute, so far as we see it, is a distinction in name only. In either case it is a request for information in order to avoid examination of witnesses and to simplify procedure.
The motion for interrogatories before us in the present case moves that the Court require the defendant, “by such representative or representatives as may have the best information and knowledge of the facts inquired about, to fully and accurately answer, under oath, each of the following interrogatories.”
*599 We see objections to this introductory phrase where the defendant in suits in the Court of Claims is always the United States Government. Plaintiff seeks to impose upon the Department of Justice and the attorneys representing the Government in this case the difficult task of selecting out of a vast organization some responsible individual who would have “the best information and knowledge of the facts” required. We think that this imposes a large and unnecessary burden upon defendant’s counsel not paralleled in suits between private individuals and corporations.
We also see a danger in such procedure in that plaintiff’s counsel says in effect to defendant’s counsel “you go and select my witnesses.” If it then subsequently appeared that the individual thus selected by defendant’s counsel did not possess the best knowledge or sufficient knowledge of the facts inquired about or had erroneous information on the subject, a situation could innocently arise in which both plaintiff and defendant might find themselves in an embarrassing predicament.
We, therefore, feel it is to the best interest of procedure in this Court to address interrogatories to the heads of the various departments. Such has been the long standing practice in this Court with reference to calls for information. Information thus obtained through the head of a department certified by his signature would obviously be binding upon the defendant without the formality of an oath. The oath may therefore be waived as is sometimes the practice in the district courts.
For these reasons we find the introductory paragraph of the present motion for interrogatories defective and the same should be rephrased as we have outlined.
The objection made by defendant that a response to the questions propounded might disclose military secrets is premature, and is a matter to be acted upon by the head of a department subsequent to the issuance of the request for information.
Paragraph 1 of the motion for interrogatories is as follows:
1. Has the defendant within the period of six years next preceding the filing of the petition herein on *600 March 16, 1938, and within the United States, made, or caused to be made, or used airplane landing mechanism the same in all essential respects as the mechanism shown and described in drawing No. 3731 of the Bureau of Aeronautics of the Navy Department, forming defendant’s exhibit 12 in the copending suit between the parties hereto in this Court, No. H-328, a photographic copy of which is hereto annexed?
If this question were limited to mechanism similar to that, shown and described in the drawing accompanying the motion, or to the method disclosed by the series of illustrations at the top thereof, it would be a proper form for interrogatories. Plaintiff, however, calls for an interpretation by the defendant of what structures are “the same in all essential respects as the mechanism shown and described in drawing No. 3731.” The defendant should not be required to construe what is or is not essential. To do so may well open a discussion on this issue, and an interrogatory in this form might therefore complicate procedure instead of expedite it.
Paragraph 1 is therefore overruled.
ThB'remaining paragraphs, 2 to 11, inclusive, in our opinion paraphrase the claims of the Pratt patent in suit so closely that to furnish plaintiff’s counsel with a drawing and a description of the matter called for as requested in these paragraphs would be in effect to require the defendant to admit or deny infringement as a legal conclusion. See Rodman Chemical Co. v. E. F. Houghton Co., 233 Fed. 470, 473, in which it is stated:
Defendant is right in its contention that it cannot be required through the guise of interrogatories to construe a patent claim or to admit or deny infringement as a legal conclusion.
Moreover, while it is a proper form of interrogatory or request for information to call upon a defendant to admit, or deny whether certain drawings submitted by plaintiff are true and correct representations of the machines manufactured or used by defendant, defendant should not be required to make drawings and specifications, or to compose descriptions not already in existence. To do otherwise in the present case would clearly require expert analysis, comparison and explanation. See Paraffine Cos., Inc., v. Wieland, 17 Fed. (2d), 992, 994, from which we quote as follows:
*601 In. connection with such drawings, blueprints, and models, it should be said that interrogatories concerning them should not call for explanations amounting to secondary evidence as to the meaning of the plans. Luton v. Camp (D. C.) 221 F. 424. Nor should interrogatories call for the comparison of a device with drawings of a patent not in suit. Hartford v. Cleveland Automobile Co. (D. C.) 275 F. 590. This does not, however, prevent a plaintiff from calling upon a defendant to admit or deny whether drawings or cata-logue cuts submitted by plaintiff are true and correct representations of the machines made, sold, licensed, or used by defendant, which are the subjects of the litigation. For this reason interrogatories I, II, III, and IV,. propounded by plaintiff in the Doble Case, are proper and will be allowed.
Such interrogatories do not require expert analysis, comparison, ana explanation such as was rightly held objectionable in Luton v. Camp, supra, where two sets of blueprints were to be compared and the differences explained.
For this reason paragraphs 2 to 11, inclusive, are overruled.
The motion for interrogatories is therefore overruled in its entirety.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Green, Judge, concur.