Plaintiff’s motion for Bill of Particulars was overruled, the Court stating:
This is a patent case in which plaintiff, in accordance with Court of Claims Rule 38 (b), has filed a motion for Bill of Particulars on November 29, 1938, and to which defendant has filed objections.
*250 Paragraphs 1 and 2 are as follows:
1. Does the Government admit that plaintiff, James V. Martin, is the owner of the patent in suit and the claim involved in this petition ?
2. If the answer to 1 is negative state facts including names, dates, and places the Government will attempt to prove in this respect.
The language or form of paragraph 1 is not allowable, in that it seeks an admission on the part of defendant rather than an amplification of defendant’s pleadings. In order, however, to save time and arrive at the real issues involved in connection with the present motion we shall consider paragraph 1 as if it were phrased as follows:
Will the Government contend that the plaintiff, James V. Martin, is not the owner of the patent in suit and the claim involved in this petition ?
Whether the plaintiff has or has not made any agreement, assignment, or exclusive license of the patent in suit to any person, firm, or corporation, is a matter that comes definitely within his own knowledge. Ownership is one of the items of proof involved in the presentation of plaintiff’s prima facie case, and the facts surrounding such proof are of such a nature as to be peculiarly within plaintiff’s own knowledge.
The question of res adjudicata is not involved herein as in the case of Hazen C. Pratt v. The United States (87 C. Cls. 586), to which plaintiff has referred in his motion.
Paragraph 1 is therefore overruled.
Paragraph 2, which is dependent upon paragraph 1, is likewise overruled, it being further added that this paragraph is defective in that it calls upon the defendant for evidential facts including names. It is not the function of a bill of particulars to require a party to disclose evidence or names of witnesses.
Paragraphs 3 and 4 read as follows:
3. Does the Government admit that the plaintiff, James Y. Martin, has not in any way voluntarily aided, abetted, or given encouragement in rebellion against the Government of the United States ?
4. If the answer to 3 is negative, state facts including names, dates, and places the Government will attempt to prove in this respect.
*251 The language of paragraph 3 is defective for the same reason set forth in connection with paragraph 1, but, entirely aside from objection to form, the information herein sought is immaterial and unnecessary as we understand that defendant has not specifically traversed the question of allegiance. (See Court of Claims Rule 8 (f).)
8 (f) * * * Proof of true allegiance by the plaintiff will not be required unless the allegation is by plea or otherwise specifically traversed by the defendant.
Paragraphs 3 and 4 are therefore overruled.
Paragraphs 5 and 6 are as follows:
5. Does the Government admit that the plaintiff when he makes such claim is not in the employment , or service of the Government of the United States?
6. If the answer to 5 is negative, state facts including names, dates, and places the Government will attempt to prove in this respect.
We shall consider paragraph 5 as if it read as follows:
_ Will the Government contend that the plaintiff, at the time of filing the petition in this case, was in the employment or service of the Government of the United States ?
The information herein requested would appear to be within the knowledge of plaintiff. At the time of filing the petition (December 26, 1934) plaintiff knew the facts relating to where and by whom he was employed.
The motion for the bill of particulars is in no way indicative of how an amplification of defendant’s pleadings in this respect would either prevent surprise or expedite the proceedings.
Paragraphs 5 and 6 are overruled.
Paragraph 7 is as follows:
7. Does the Government admit that the subject-matter of the patent in suit was not discovered or invented during any time of plaintiff’s employment or service of the Government of the United States ?
This question, as is the case of the others of similar form which we have discussed above, is objectionable as to its form calling for admissions. If rewritten in proper form it would be objectionable.
*252 Plaintiff lias stated to the Court in his objections to the motion for bill of particulars on the part of the defendant,, which objections were filed February 5, 1935, that “all Government planes infringe all claims of the patent.” There is. a total of twenty-one claims contained in the patent in suit-which are directed to numerous and varied inventions or combinations of elements which may have been conceived and reduced to practice at various times.
The dates of conception and reduction to practice are matters solely within the knowledge of the plaintiff, and defendant may not be in a position to state that the plaintiff" was in the employment of the Government when the inventions were conceived and reduced to practice.
Paragraph 7 and the depending paragraph 8 are overruled.
Paragraphs 9 to 13, inclusive, are directed in substance to< an ascertainment of what defenses the Government will rely upon with respect to the validity of the patent, and a specific-request is made in paragraph 11 for a notice relative to prior-patents, publications, prior use, or prior invention.
Eule 38 (a) of the Court of Claims is directed to notice-of these matters and provides that this notice be given thirty days before defendant offers its evidence. This rule is as; follows:
38 (a) In any patent suit, plaintiff shall in the petition particularly specify the claim or claims of the patent or patents alleged to be infringed and the defendant shall give the plaintiff or his attorney 30 days’ notice in¡ writing, as provided by section 69, title 35, United States-Code, before offering evidence to prove any of the special matters of defense specified therein.
It is apparent that a plaintiff’s prima facie case might be-expedited and shortened, certain claims withdrawn from the issue, and the case even dismissed on motion of plaintiff^, if notice of the defenses were furnished to plaintiff prior to its presentation of testimony.
On the other hand it is equally apparent that in certain instances where the alleged infringing structures are complicated or involve a plurality of various types, the defendant *253 can not plan and consolidate its defense until plaintiff’s application of the claims in issue to the infringing structures are-known, and even then defendant’s search of the prior art, and uses is at a disadvantage, for the dates of conception and reduction to practice of the invention or inventions in issue are not known and can not be used to limit this field, of search.
It has been a recognized procedure in some of the Federal Courts to allow statements to be simultaneously filed by both plaintiff and defendant, in which the plaintiff sets forth under oath the dates of invention, and the defendant lists the prior art defenses. See Beacon Folding Mach. Co. v. Rotary Mach. Co. et al. 23 Fed. (2d) 345.
Such procedure while helpful does not in our opinion fully meet the situation, as the field of investigation and search by defendant is not limited. One example of this is when a plaintiff relies only upon the filing date of his application,, but defendant, unaware of this in the preparation of its defenses, has had to search the prior art for an extensive period, of years prior to the filing date.
While this matter has never been formally presented to this Court with arguments pro and con, we think considerable time and expense would ultimately be saved if the plaintiff would give notice to the defendant, either in response to motion for a bill of particulars or in some other form binding-upon the plaintiff, setting forth the dates of conception and reduction to practice it intends to rely upon, and the application of the claims in issue as applied to the alleged infringing structures.
If this were done we see no reason why the defendant with this information at hand could not then expedite its search and consolidate its defenses, and furnish plaintiff, prior to-its prima facie testimony, with a bill of particulars setting-out in detail the prior art defenses to be relied upon.
From what we have said it is apparent that in the present instance defendant would be placed at a disadvantage if it. were now required to furnish plaintiff with a list of its defenses. For this reason paragraphs 9 to 13, inclusive, are. overruled.
*254 It is stated as a matter of law that a bill of particulars .in practice is “a detailed informal statement of a plaintiff’s -cause of action, or of the defendant’s setoff, furnished by one party to the other in compliance with a statute, rule or special order of court.” Therefore, it is apparent that before a defendant can be called upon to furnish a bill of particulars the essential facts relied upon by the plaintiff to establish his -cause of action must be pleaded, and where the plaintiff in this instance has fallen into error is if he seeks a bill of particulars asking the defendant at this time to divulge the prior art relied upon in order to facilitate disposition of the case, he should in his petition set forth the dates of conception and reduction to practice. This manifestly tends to minimize the length of the record in this respect. As noted in this memorandum, we attempt to set forth a suggestion as to how this might be accomplished.
The motion for the bill of particulars is overruled.